## Walter Brown v. The State.

### No. 5496.   Decided October 22, 1919.

**1.—Theft—Evidence—Other Offense—Court Record—Accomplice.**

Where, upon trial of theft, which grew out of a burglary, there was no error in admitting in evidence an indictment and the court records against the defendant for burglarizing the house from which the stolen goods were taken and to which he had pleaded guilty; as this was an admission that he entered the burglarized house and also corroborated the testimony of the accomplice.

**2.—Same—Evidence—Harmless Error.**

Where, upon trial of theft, the State's witness testified that she was the proprietress of the millinery store from which the alleged property had been stolen, and that her mother and one or more of her sisters worked in said store, etc., there was no reversible error in permitting her to testify

that she ran that store to make a living and keep up her widowed mother and sisters in the instant case, defendant receiving the lowest punishment.

### 3.—Same—Evidence—Identification of Stolen Property—Accomplice.

Where, upon trial of theft, the accomplice had testified that some of the stolen property had been given by defendant to a woman who lived with him claiming to be his wife, there was no error in permitting the State's witness to testify that some of the property stolen from her was found in possession of said woman.

### 4.—Same—Witness—Suspended Sentence—Rule Stated—Final Judgment.

Where a jury suspended the sentence of the accomplice who was convicted of burglary, he was a qualified witness in the trial of theft of the defendant who had pleaded guilty to said charge of burglary; there being no final judgment against said accomplice.

Appeal from the District Court of Martin. Tried below before the Hon. Chas. Gibbs.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft, his punishment being assessed at two years confinement in the penitentiary.

The record discloses a millinery establishment was burglarized and a lot of handsome dresses and other goods which belonged in such establishment taken. It shows that appellant and Tom Payne were the guilty parties; that it happened after midnight. Payne was convicted under a plea of guilty and was awarded a suspension of the sentence. Payne testified for the State. He testified to their going to the millinery store and breaking into it and taking the goods, but stated he did not enter the house but remained outside and kept watch. When the goods were taken they carried them to the house of a woman named Adams, who it seems was either the wife or paramour of appellant. Two of the dresses were left with her and the others taken some distance and secreted. Appellant testified that they burglarized the house; that he did not enter but went upon the insistence of Payne and kept watch on the outside while Payne got the goods and brought them out in a suit case, and they separated, Payne taking the goods. It is unnecessary to go into a detailed statement of the facts.

Payne was an accomplice. The testimony of appellant showing his connection with the matter corroborates Payne. He testified fully to the facts as did Payne, except he reversed position with Payne in

connection with entering the house and their acts committed at the time.

The first bill of exceptions recites that the district attorney offered in evidence the indictment in cause No. 653 in the District Court of Midland County. It may be stated here that the burglary occurred in Midland County and it was on change of venue appellant was tried in Martin County. He also offered in evidence, in connection with the indictment, a certified copy of the minutes of the District Court of Midland County in said cause, showing that appellant, had pleaded guilty to the charge of burglary in Midland County, and had been found guilty by a jury and so adjudged by the court under the verdict. Objection was urged to the introduction of the indictment and judgment of conviction for any purpose. The contention was that it was immaterial and irrelevant and threw no light on the transaction of the trial. It is also contended that although defendant may have pleaded guilty in another and different case, this would not be evidence of the fact that he committed theft in connection with burglary or was guilty of theft in this case; that the admission of said judgment and indictment in evidence would be prejudicial and hurtful to him, and would be no evidence of the fact that he may have committed theft, even though he may have committed burglary in the same transaction. The court admitted it on the theory that it was corroborating the witness Payne. Whether it was admissible for the purpose stated by the court or not, we are of opinion it was admissible; it was an indictment of appellant for burglarizing the house from which the stolen goods were taken, being a plea of guilty to that offense in a court authorized to take the plea. It may be, in a sense, also a corroboration of Payne. It was an admission by a plea of guilty that he entered the burglarized house. Payne testified that he did enter.

There is another bill reciting the alleged owner, Miss McCormick, after testifying that she as the proprietress of the millinery store at Midland which was alleged to have been burglarized and from which the property described in the indictment was alleged to have been stolen, was asked the following question and was permitted to answer in the affirmative: "You run that store trying to make a living and keep up your widowed mother and sisters?" Various objections were urged. She was the alleged owner of the store, and testified to her control of it, and that her mother and one or more of her sisters worked in the store with and assisted her, and that this was their business, and while they were interested in the store together, although it was carried on in her name, her mother and sisters were entitled to part of the profits. This question as it stands, whether legal or not, would make no particular difference, and we think would not result injuriously. That part of her statement that she run the store to make a living was certainly admissible, and the further statement that it was done to provide for her widowed mother and sisters

would not be reversible, even if not strictly permissible, especially as defendant received the lowest punishment.

Another bill shows while the same witness was testifying she was asked by the district attorney since said store was robbed if she had located anything taken from it. She said, "Yes, one of the dresses," and it was what she denominated and called "a plum colored dress," "the most expensive dress in the lot." She was then asked by the district attorney as to who was in possession of the dress, to which appellant objected and to any answer witness might give in reply, because it had been shown that Lessie Adams was living with defendant and claiming to be his wife, and defendant contended that if the witness was permitted to testify that she found the dress in the possession of Lessie Adams that said evidence should not be admitted against him as tending to show guilt on his part of having stolen the dress, he contending that the testimony was not admissible as evidence of guilt unless the court charge the jury in connection therewith, that the purpose of said evidence should be limited to the purposes of identification, and the jury should be instructed that said testimony should not be considered as evidence of guilt on the part of defendant because it was shown at that time that defendant was not present in company with said Lessie Adams, and it was never shown that defendant himself was in possession of the dress or any other property described in the indictment. The objections were overruled and the evidence went to the jury without limitation. These grounds of objection cannot be considered as statement of facts. The correct statement of the record in this connection shows that Lessie Adams was living with defendant at Midland at the time, and Payne testified that two of these dresses, a plum colored dress and a grey dress were given by defendant to Lessie Adams, and the other goods were taken away and secreted. Subsequent to this Miss McCormick saw Lessie Adams wearing "this plum colored dress," and this was the dress about which she and Payne testified. This testimony was admissible.

Another bill recites that the State used Payne as a witness, but before the examination of this witness began the district attorney offered to prove by him that he had been theretofore convicted of the offense of burglary, and had pleaded guilty and the jury had found him guilty of the charge and assessed his punishment at two years in the penitentiary, and recommended that his sentence be suspended; and the State further offered in evidence the original indictment against Payne in the burglary charge, and also offered in evidence the order of the court transferring the case from Midland County to Ector County, and the order of the court transferring the case from Ector county to Martin county, and the judgment of the court on the trial of the case in Martin County, and the verdict of the jury convicting Tom Payne of burglary and recommending that his sentence be suspended. The defendant proved that Tom Payne had

accepted said sentence and had been placed under recognizance as required by law, and that Payne filed no motion for new trial and that he had not intended to do so, and that he had not appealed from said judgment of conviction, and that he had not been pardoned by the Governor, and that said judgment of conviction had in no respect been set aside, and that Tom Payne was then under two years suspended sentence on said charge of burglary, and the record showed that his conviction was in all respects regular and final under the provisions of the suspended sentence law. Defendant urged objections to the witness testifying on the theory that his conviction for burglary and his acceptance of the verdict of the jury, and his entering into recognizance disqualified him as a witness, and that under such desqualification he could not testify until pardoned by the Governor, or the judgment of conviction set aside. Objections were overruled, and the witness testified, among other things that he saw defendant steal from Miss McCormick the property described in the indictment. This matter arose over the question of the competency of the witness. The witness was qualified to testify for the State. He was not a convict, and could not be within the terms of the law which would disqualify him until final judgment or sentence was pronounced. See Branch's Ann. Crim. Code, Art. 27, p. 7, note 17 for collation of authorities. In Arcia v. State, 26 Texas Crim. App., 193, the question was fully adjudicated and the conclusion reached by the court that a party would not be disqualified as a witness by reason of the verdict of the jury, and was not disqualified until the conviction became final. If he accepted the sentence, he would become incompetent as a witness. If he did not and appealed, he still could be used as a witness until an affirmance of his case. That case has been followed in all subsequent cases. It is useless to discuss the question. Where a jury awards a suspension of sentence, there can be no final judgment as long as the conviction stands in that attitude. If the suspended sentence should subsequently be set aside and sentence passed for any legal reason, or one authorized by the statute, and the sentence was then accepted, the conviction would be a disqualification, but suspension of sentence does not bring about disqualification; There was no final judgment or sentence, and, therefore, not a finality of judgment which is a prerequisite to disqualification or incompetency of the witness.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*