

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 26, 1971

Hon. Bill Clayton
Chairman, Committee on Counties
P. O. Box 120, Capitol Station
Austin, Texas 78711

Opinion No. M-844

Re: The constitutionality
of House Bill No. 501,
(62nd Leg., R.S., 1971)
amending the Code of
Criminal Procedure so
as to permit the trans-
fer of persons convicted
of felonies to the De-
partment of Corrections,
under certain circum-
stances, pending appeal
of the conviction.

Dear Mr. Clayton:

In your recent letter you request our opinion as to the
constitutionality of House Bill No. 501, introduced and now
pending in the House of Representatives, 62nd Legislature, Regu-
lar Session, 1971.

This Bill provides in pertinent part as follows:

"Section 1. Article 44.04, Code of Criminal Proce-
dure, 1965, is amended by adding thereto a new Section,
Section (i), to read as follows:

'(i) If the defendant is convicted of a
felony, is assessed punishment which is not
probated, and gives notice of appeal, the
trial court may in its discretion order the
defendant placed in the custody of the Texas
Department of Corrections, where the defend-
and will be confined pending the appeal of
his conviction provided that (1) the punish-
ment assessed exceeds fifteen years confine-
ment or (2) it appears to the satisfaction of
the trial court that the defendant will not be
released on bond pending such appeal, or (3) the
defendant states to the trial court that it is
his desire to be so transferred pending such
appeal. If the defendant is so transferred to
the Texas Department of Corrections pending
appeal, he shall be entitled to all credits on

-4091-

> his sentence the same as if his conviction
> were final.'"  (Emphasis supplied.)

It is evident that the Legislature has not limited beneficial computation of time benefits to convicted felons with more than fifteen years confinement but has extended such benefits to all felons who meet the prescribed conditions.

The Constitution of the State of Texas authorizes the Legislature to enact laws.  Section 1, 42 and 43, Article III, Texas Constitution.  Specifically, by virtue of Section 58, Article XVI, the Legislature has the authority to provide by law for the management of the "Prison System of Texas".

Moreover, the Legislature has the power to enact any law not in conflict with the Texas Constitution or the Constitution of the United States.  De Shazo v. Webb, 113 S.W.2d 519 (Sup.Ct. 1938).

The first question arises as to whether this classification, as set out in the Bill, violates the equal rights provision of Section 3, Article I of the Texas Constitution and/or the equal protection provision of the Fourteenth Amendment to the Constitution of the United States.

There must be a reasonable relationship between the classification made and the objects to be accomplished by the statute. City of Houston v. Houston Independent School District, 436 S.W.2d 568 (Civ.App. 1968), modified on other grounds 443 S.W.2d 49 (Sup.Ct. 1969); Rucker v. State, 342 S.W.2d 325 (Tex. Crim. 1961); Carrington v. Rosh, 380 U.S. 89 (1965).

Here, the announced purpose of House Bill 501 is to permit a convicted felony defendant to transfer to the Texas Department of Corrections during the pendancy of his appeals so as to become "entitled to all credits on his sentence the same as if his conviction were final".  Some of such credits are contained in Article 6184 1, V.A.C.S. which provides for commutation of time for good conduct.

It seems clear that the Legislature in imposing the conditions precedent in the proposed Article 44.04 has done so with an eye to the existing Subsection (a) of that Article.  It provides as follows:

> "Any defendant who is convicted of a misdemeanor,
> or who is convicted of a felony and whose punishment
> is assessed at a fine or confinement not to exceed 15

years or both, shall be entitled to bail under the rules set forth in this Chapter pending disposition of his motion for new trial, if any, and pending disposition of his appeal, if any, and until his conviction becomes final."

It is equally clear that this provision is not violative of the equal protection clause of the Federal Constitution. In United States ex rel Stephen Fink v. Heyd, 287 F.Supp. 716 (1968), the United States District Court for the Eastern District of Louisiana, New Orleans Division, had before it the Louisiana Statute which provides that those felons convicted and sentenced to a term of more than five years may not post bail pending appeal. In deciding that this statute was not constitutionally deficient the Court said:

"It is not irrational for the State's people and its Legislature to conclude that anyone already convicted of a crime involving five years confinement is so poor a bail risk that he should not be set free pending appeal."

It would therefore appear to be equally certain that the Texas Statute which draws the line at fifteen years would similarly be constitutional.

The general rule can be stated, "the States are free to provide such criminal procedures as they choose, including rules of evidence, provided that none of them infringe a guarantee of the Federal Constitution." Knees v. Culbertson, 406 F.2d 621 (1969). To a similar effect is Martin v. Beto, 397 F.2d 741 (1968).

Reading the quoted portion of the proposed statute on page one of this opinion then, the classification of persons eligible to be transferred to the Texas Department of Corrections and therefore, entitled to receive all the benefits that accrue from such a transfer is drawn between those prisoners who are likely to make bail and those prisoners who are not likely to make bail. The object of the legislation is to enable the prisoner to begin reaping the rewards of the beneficial computation of time in the Texas Department of Corrections at the earliest possible date. Condition No. 3 in the proposed legislation even permits the prisoner himself to choose whether or not he will be transferred to the Texas Department of Corrections. This is so irrespective of the length of his sentence. It would appear therefore, that there is a rational relationship between the classification of prisoners eligible to be transferred and the object of the

proposed legislation. Accordingly, in its present form, House Bill No. 501 is constitutional.

However, there is a constitutional and administrative problem presented by the Bill in its present form which should be discussed and considered by your committee. Those defendants who are placed in the custody of the Texas Department of Corrections pending their appeals would not be subject to compulsory prisoner labor laws as are those who have been finally convicted, that is, those referred to in the Constitution and statutes as "convict labor". For example, Article XVI, Section 24, Constitution of Texas, provides that "The Legislature shall make provision for laying out and working public roads, for the building of bridges, and for utilizing fines, forfeitures, and convict labor to all these purposes." (Emphasis added). Pursuant to this mandate, Articles 6736 and 6764, Vernon's Civil Statutes, were enacted providing for the utilizing of money and "convict labor" and for the County Commissioners' Court to provide for various services to and for the safe and humane keeping of "county convicts". See also related statutes, Articles 6739 and 6746, Vernon's Civil Statutes. No provisions in this respect have been made by those constitutional provisions and statutes enacted pursuant thereto for defendants whose appeals are pending. A "convict" is one who has been finally convicted by a court. Black's Law Dictionary, 4th Edition, p. 403; Arcia v. State, 26 Tex.App. 193, 95 S.W. 685 (1888); Brown v. State, 86 Tex.Crim. 8, 215 S.W. 323, 325 (1919).

Article 6166a, Vernon's Civil Statutes, declaring the policy of this State, in the operation and management of the Prisons System, provides, in part, as follows:

" . . . All prisoners shall be worked within the prison walls and upon farms owned or leased by the State; . . ."

Article 6166x, Vernon's Civil Statutes, directs the Department of Corrections that, "Prisoners shall be kept at work under such rules and regulations as may be adopted by the manager with the Board's approval; . . ."

In view of the above considerations, we believe it should be observed that the Thirteenth Amendment of the Constitution of the United States, which forbids involuntary servitude except as a punishment for crime upon final convictions, would preclude enforcement of the above statutes by the state against those defendants whose appeals are pending and who are required involuntarily to labor. See Bailey v. Alabama, 219 U.S. 219

(1911); <u>United States v. Reynolds</u>, 235 U.S. 133 (1914); <u>Taylor v. Georgia</u>, 315 U.S. 25 (1942); <u>Pollock v. Williams</u>, 322 U.S. 4 (1944).

This opinion is not to be interpreted as indicating either approval or disapproval of the merits of this legislation, nor as indicating how the proposed constitutional problems might be resolved. We have confined our comments to the constitutional questions raised by the provisions of the legislation and by the Bill's necessary application, operation, and administration. We only note in passing that with reference to constitutional due process by law, the Director of Corrections presently has only power and authority over convicts and is not given any such power and authority by the Bill incident to the transfer, care, safekeeping, or other disciplinary powers over those defendants placed in his custody to await final disposition of their appeals.

## SUMMARY

House Bill No. 501, as written, is constitutional insofar as it would permit the transfer of defendants pending appeals to the custody of the Department of Corrections, upon their request.

The classification of prisoners eligible to be transferred to the Texas Department of Corrections bears a rational relationship to the object of the proposed legislation and therefore is not violative of the equal protection clause of Section 3, Article I, Constitution of Texas, and the Fourteenth Amendment of the Constitution of the United States.

However, constitutional problems in the application, operation, and administration of the law will arise if the prisoners were required to work against their will or are otherwise subjected to the discipline of convicts by the Director of Corrections.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General

By NOLA WHITE
First Assistant

Prepared by Max P. Flusche, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Lattimore
Sam Jones
Max Hamilton
Sally Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant