Ni PILKINTON, Appellant,

v.

The CIRCUIT COURT OF HOWELL COUNTY, MISSOURI, Appellee.

No. 17435.

United States Court of Appeals
Eighth Circuit.

Nov. 4, 1963.

Ni Pilkinton, in pro. per.

Thomas Eagleton, Atty. Gen. of State of Missouri, Jefferson City, Mo., represented the respondent in the District Court.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant sought by petition for a writ of habeas corpus to have the District Court for the Western District of Missouri order release to be made of him on his own recognizance by the Circuit

Court of Howell County, Missouri, where he was being held on two state criminal charges, as to each of which the Court had fixed bail in the sum of $500.00, but had refused to accept appellant's own recognizance. The District Court dismissed the petition on the ground that no federal constitutional violation was shown to be involved. An appeal has been taken from the order of dismissal.

 We take it for granted that, contrary to earlier cases such as Ex parte Watkins, 7 Pet. 568, 574, 32 U.S. 568, 574, 8 L.Ed. 786, and Collins v. Johnston, 237 U.S. 502, 510, 35 S.Ct. 649, 59 L.Ed. 1071, the prohibition in the Eighth Amendment against requiring excessive bail must now be regarded as applying to the States, under the Fourteenth Amendment.

It is to be borne in mind, however, that the prohibition is only against requiring excessive bail. It does not afford a basis for one accused of crime to insist that he is entitled to be released entirely without bail or wholly on his own recognizance. The language of the Amendment is not subject to being construed as providing such a guarantee. A State may properly require bail in some amount, and the mere fact that an accused is unable to furnish it in any sum, and so wants to be released on his own recognizance, does not present a federal question.

The extent of an accused's ability to furnish bail is, of course, a factor which may be duly weighed, but it is not the measure of the court's power of discretion. That power is exercisable in relation to all the considerations and objects which have traditionally underlain the concept of bail.

Excessiveness of bail as a question of abuse of discretion and constitutional violation is accordingly one which must have more basis of circumstance than that an accused is without accumulation, standing, or responsibility sufficient to enable him to furnish any bail, and more substance of contention than

that he therefore is entitled to liberty on his own recognizance.

On the concepts and elements within which a court may traditionally exercise its power of discretion as to bail, the State's requirement of $500.00 on each of the two criminal charges pending against appellant was on its face without sufficient substance to be able to involve a constitutional question of excessiveness, and the District Court was therefore not called upon to make intrusion into the situation.

Appeal dismissed.