**Thomas Carlton WANSLEY, Petitioner,**

v.

**Sgt. J. A. WILKERSON, City Sergeant, City of Lynchburg, Lynchburg City Jail, Lynchburg, Virginia, Respondent.**

No. 66–C–29–C.

United States District Court
W. D. Virginia,
Charlottesville Division.

Jan. 10, 1967.

Philip J. Hirschkop, Lainof, Cohen, Cohen & Hirschkop, Alexandria, Va., William M. Kunstler, Kunstler, Kunstler & Kinoy, New York City, for petitioner.

Royston Jester, III, Commonwealth's Atty. for City of Lynchburg, Jester & Jester, Lynchburg, Va., for respondent.

## OPINION

MICHIE, District Judge.

Petitioner, presently bound over in the Lynchburg City Jail pending retrial on two indictments of rape and one of robbery, has applied to this Court for a writ of habeas corpus. He claims two substantive grounds of relief: first, that his prolonged detention is improper and, second, that the persistent denial of bail by state authorities is inconsistent with the Eighth and the Fourteenth Amendments to the United States Constitution. Contending that there is little likelihood of his being found guilty as charged and that bail is customarily granted in cases of this nature, he requests that this Court order his release on bail pending his retrial. This is but another chapter in the long course of this tortured litigation and I feel quite certain that it will not be the last. Be that as it may, I have concluded that petitioner's request must be denied.

Petitioner was arrested in December of 1962 and charged with the rape of one Kyoko Fleshman and the rape and robbery of one Annie Carter. In January of 1963 indictments against petitioner for the above-mentioned crimes were returned by a Lynchburg Grand Jury. In separate trials conducted during the month of February, 1963, petitioner was convicted of the rape of Kyoko Fleshman and the rape and the robbery of Annie Carter. He was given a separate death sentence for each of the rapes and a sentence of twenty years for the robbery conviction. On a direct appeal taken to the Supreme Court of Appeals of Virginia that Court, in September of 1964, reversed all three convictions. See Wansley v. Commonwealth, 205 Va. 412, 137 S.E.2d 865 (1964); Wansley v. Commonwealth, 205 Va. 419, 137 S.E.2d 870 (1964). The Court in the first of the opinions cited reversed the conviction of the rape of Kyoko Fleshman because of an improper comment by the trial judge on the nature of the punishment available. The second opinion reversed the rape and robbery convictions with respect to Annie Carter. This reversal was necessitated by the lack of a proper stenographic transcript upon which the Supreme Court of Appeals could judge the constitutional validity of the trial. While these opinions in no way dealt with the matter of bail, they are relevant here in several respects. First, they show that there was no undue delay between the time of arrest and the time of trial. Secondly, two juries separately concluded that the accused was guilty as charged and I feel that, regardless of the reversals, these convictions constitute evidence of probable cause that the accused had in fact committed the crimes charged. Third, the opinions show conclusively that the Commonwealth up to this point did not purposely keep the petitioner incarcerated without bail, but rather that this time was consumed by counsel for the defendant in legitimate pursuit of post conviction remedies.

In April of 1965 all three matters were again placed on the calendar of the

Corporation Court of the City of Lynchburg so that petitioner could be retried. In November of 1965 petitioner was tried for the robbery of Annie Carter. This trial was declared a mistrial by reason of a hung jury. In February of 1966 the charge of the rape of Kyoko Fleshman was nolle pross'd by the Commonwealth's Attorney apparently because of the unavailability of the prosecutrix. Also in February of 1966 petitioner removed the charge of rape pertaining to Annie Carter to the United States District Court for the Western District of Virginia where it was ordered that the case be remanded to the state court.

Immediately following reindictment in September, 1966, for the alleged rape of Kyoko Fleshman, petitioner removed this charge and the Carter robbery indictment to this court. Relying on the recent decisions in state of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), I ordered these two charges remanded to the Corporation Court for the City of Lynchburg. An appeal was taken and all three remands were affirmed. Wansley v. Commonwealth, 368 F.2d 71 (4th Cir. Oct. 31, 1966). Upon the entry of an order on the judgment of the Court of Appeals the cases again returned to the Corporation Court for the City of Lynchburg where they were placed on the trial docket for the month of January, 1967.

Presumably, the cases could be tried within this month or shortly thereafter. However, counsel for petitioner has advised this court that he intends to urge numerous motions to dismiss and he estimates that the actual trial will not take place for several months.

Following the reversals by the Supreme Court of Appeals of Virginia, Wansley v. Com., 205 Va. 412, 137 S.E.2d 865; 205 Va. 419, 137 S.E.2d 870, and the remand for retrial to the Corporation Court petitioner has on numerous occasions applied to the trial judge for release on bail. These requests consistently have been denied and on at least two occasions petitioner has exercised the right accorded him by Virginia Code § 19.1–112 and has appealed the denials to the Supreme Court of Appeals.

Petitioner's latest application to Virginia's highest court was heard by three justices and was denied by order dated April 13, 1966. By his present petition for a writ of habeas corpus petitioner in effect requests that I sit in review of the action of the justices of the Virginia Supreme Court of Appeals. Leaving open the question of whether in an appropriate case I might have such power, I hold that under these facts I should not intrude upon the state determination that he is not entitled to bail.

The law in this circuit pertaining to the power of a federal court to review a state court's denial of bail to an accused awaiting trial is virtually non-existent. Davis v. State of North Carolina, 339 F. 2d 770 (4 Cir. 1964) touches on the subject at page 777, but in a factual context so different as to deprive the reference of all persuasive value in this case.

 It has been established that an accused detained by the state may test by habeas corpus the propriety of both his detention without bail and the setting of excessive bail. See Petition of Johnson, 72 S.Ct. 1028, 1030, 96 L.Ed. 1377 (1952). Furthermore, the Eighth Circuit has concluded that the prohibition of the Eighth Amendment against requiring excessive bail must now be regarded as applying to the states under the Fourteenth Amendment. Pilkinton v. Circuit Court of Howell County, Missouri, 324 F.2d 45 (8th Cir. 1963). *Pilkinton* and the subsequent case of Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. denied, 376 U.S. 965, 84 S. Ct. 1128, 11 L.Ed.2d 982 (1964), established standards by which federal intrusion into state bail determinations must be governed. These cases dealt with the question of excessive bail while this case concerns an absolute denial of bail; but in both instances the question, by state law, is left to the discretion of the trial judge and consequently there is sufficient similarity to allow analogy.

The case at bar is not one in which the constitutional right of a state to abolish bail is at issue, but rather it is one in which the appropriate exercise of state judicial discretion is questioned.

■■■ While the right to bail is fundamental, it is not absolute. A state may constitutionally provide by statute that bail be granted in some cases and denied in others and it may constitutionally leave to the discretion of the trial court the grant or denial of bail and the fixing of its amount. The proscription is only that the state and the trial court must act reasonably and not arbitrarily or discriminatorily.

The court in Mastrian, supr.., said in 326 F.2d at pp. 710–711:

> Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his liberty on bail pending trial. While it is inherent in our American concept of liberty that a right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial. Traditionally and acceptedly, there are offenses of a nature as to which a state properly may refuse to make provision for a right to bail. (We are not here concerned with what these offenses may be.) As to the offenses, however, for which a state has provided a right of bail it may not, any more than as to other substantive or procedural benefits under its criminal law system, engage in such administration as arbitrarily or discriminatorily to effect denial or deprivation of the right to a particular accused.

Accord: California v. Alcorcha, 86 S.Ct. 1359, 1362, 16 L.Ed.2d 435 (1966); Dameron v. Harson, 255 F.Supp. 533 (W.D.La.1966).

All pertinent facts in this case point to a reasoned determination by the trial judge; they negate any argument of an arbitrary or discriminatory denial of bail.

■■■ The purpose of requiring a bond is to assure the presence of the defendant at the trial. If the trial judge reasonably believes that regardless of the amount set the accused will be unlikely to be present at trial, he may deny bail completely. United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966). Also, a trial judge must deny bail if he feels the release of the accused will endanger the safety of the community. Carbo v. United States, 82 S.Ct. 662, 666, 7 L.Ed.2d 769 (1962); Rehman v. State of California, 85 S.Ct. 8, 9, 13 L.Ed.2d. 17 (1964); Painten v. Commonwealth of Mass., 254 F.Supp. 246 (D.Mass.1966).

■■■ Petitioner's requests have been given full consideration by the trial judge and by three justices of the Supreme Court of Appeals. It was known that petitioner was charged with two counts of rape and one of robbery—all three crimes of violence. Also it was known that he had been convicted of all three and given separate death sentences on each rape conviction. While he was found competent to stand trial, the mental stability of petitioner was at one time in question. With these facts in mind, it can hardly be said that a refusal to release petitioner on bail was an abuse of discretion.

■■■ Petitioner asserts that his release on bail is necessary to allow him to prepare his defense, but he does not allege in what particulars his defense would be improved. All persons bound over awaiting trial can make this argument and, while it is to some extent a valid one, the law attempts to improve the situation by providing the accused with an attorney. Petitioner has competent counsel who appears to be intimately familiar with the case. This in itself is sufficient to refute petitioner's argument. United States ex rel. C. Cooper v. Reincke, 219 F.Supp. 733 (D. Conn.1963); see also Fitts v. United States, 335 F.2d 1021 (10th Cir. 1964),

cert. denied, 379 U.S. 979, 85 S.Ct. 682, 13 L.Ed.2d 569 (1965). Because of counsel's long acquaintance with this case there has been adequate time for him to prepare a defense on the merits and I cannot believe that petitioner's release would unearth any new matters.

Additionally, petitioner's reliance on the passage of four years since his arrest and his assertion of a distant trial date are misplaced. My familiarity with his position both from this proceeding and the removal proceedings referred to earlier allow me to notice that the present absence of a final conviction is due to the efforts of petitioner and not to any nefarious plan on the part of the Commonwealth.

I can find no reasons to warrant a federal court's intrusion upon this well-founded denial of bail. The petition for a writ of habeas corpus is denied.