**The STATE OF TEXAS et al., Appellants,**
v.
**James C. WHITTINGTON, Appellee.**

**No. 25145.**

United States Court of Appeals
Fifth Circuit.

March 29, 1968.

Robert E. Owen, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst, Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellants.

Deane C. Watson, Lumpkin, Watson & Smith, Amarillo, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge:

This appeal seeks review of a judgment of the District Court granting a petition for a writ of habeas corpus to Whittington, a state prisoner under sentence for armed robbery. Convinced that the writ was improvidently granted, we reverse.

At the time of Whittington's arrest his bond was set at $10,000. Although he was unable to post bond and therefore remained in jail, no motion to reduce bail was filed before trial. With funds made available by his mother, Whittington retained counsel and informed him that two Mississippi residents could identify Whittington as the man who was staying at their motel in Biloxi, Mississippi, at the time it was alleged that he committed the robbery in Amarillo, Texas. The attorney attempted to locate these witnesses prior to trial but was unsuccessful. Whittington's brother, another alibi witness who resided in Arkansas, could not be present on the original date set for trial. A motion for continuance because of the brother's inability to attend the trial was made and granted, but the two Mississippi witnesses were not mentioned in the motion nor was a continuance sought to enable a further search for them. The trial was reset; Whittington pled not guilty; his attorney announced ready for trial; and the case was tried to a jury which found him guilty. Six days after the trial the Mississippi witnesses were located and by affidavit identified Whittington as a guest at their motel on the night in question.[1]

The District Court concluded that the setting of bail in an amount which Whittington could not supply denied him the opportunity to seek out the witnesses. The court also found that out of state witnesses could not be compelled to come into Texas and testify until a tender of their expenses was made and that Texas had no provision requiring the state to pay these sums for a defendant. For these reasons the court held that Whittington was denied the effective assistance of counsel and that his trial did not meet the requirements of due process. Accordingly, a writ of habeas corpus was granted.

It has consistently been held that even in situations where a proper motion for reduction of bail was presented to the trial court a refusal to lower bail or to release on personal recognizance is not a denial of due process.

1. The substance of their affidavits is in direct conflict with the testimony of several eye witnesses who identified Whittington as the robber.

E. g., United States ex rel. Hyde v. McMann, 2 Cir. 1959, 263 F.2d 940, cert. denied, 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549; Dameron v. Harson, W.D.La. 1966, 255 F.Supp. 533, aff'd, 5 Cir. 1966, 364 F.2d 991. Furthermore, Whittington was denied nothing by Texas law or procedure. He never formally requested a reduction of his bail, never requested a continuance to provide time for his retained counsel to search for the witnesses, and never apprised the trial court of their existence. There can certainly be no denial of due process because the state has not made available as witnesses for the·defense persons about whom it has no knowledge. Sears v. United States, 5 Cir. 1959, 265 F.2d 301; Beebe v. Sanford, 5 Cir. 1943, 138 F.2d 412.

Reversed.