**UNITED STATES ex rel. Stephen FINK, Petitioner,**

**v.**

**Louis HEYD, Criminal Sheriff of the Parish of Orleans, Respondent.**

**Misc. No. 1332.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 30, 1968.

Ross T. Scaccia, New Orleans, La., for petitioner.

Numa Bertel, Jr., New Orleans, La., for respondent.

RUBIN, District Judge.

The petitioner asserts that there is a federal constitutional right to bail during the period pending appeal from his conviction for a State criminal offense. Finding no such right, I deny the application for habeas corpus.

On May 13, 1968, the applicant, Stephen Fink, was convicted of selling marijuana to a person over the age of 21 in violation of a Louisiana criminal statute, LSA–R.S. 40:962. Fink was only 19 when the offense was committed, and he had no prior criminal record. He was subsequently sentenced to five years in prison at hard labor in the Louisiana State Penitentiary. Fink appealed his conviction and sought to have bond set pending appeal.

LSA–Code of Criminal Procedure, Article 314, forbids bail to a person convicted of a felony who has been sentenced to a term of five years or more.[1] This is in accordance with the provi-

sions of Article I, Section 12 of the Louisiana Constitution which provides that all persons shall be bailable except certain persons charged with a capital offense and "persons convicted of felonies, provided that where a minimum sentence of less than five years at hard labor is actually imposed, bail shall be allowed pending appeal until final judgment." Therefore, the Louisiana court denied petitioner's motion for bond pending appeal. Fink then sought writs of certiorari, mandamus, and prohibition on the denial of bond from the Louisiana Supreme Court. These were denied on June 6, 1968. On June 11, Fink filed a petition for habeas corpus in this Court seeking his release on bond pending appeal on the ground that denial of bond on appeal violated his rights under the Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

■ The Eighth Amendment to the Constitution of the United States provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." "We take it for granted that, contrary to earlier cases such as Ex parte Watkins, 7 Pet. 568, 574, 32 U.S. 568, 574, 8 L.Ed. 786, and Collins v. Johnston, 237 U.S. 502, 510, 35 S.Ct. 649, 59 L.Ed. 1071, the prohibition in the Eighth Amendment against requiring excessive bail must now be regarded as applying to the States, under the Fourteenth Amendment." Pilkinton v. Circuit Court of Howell County, Missouri, 8 Cir., 1963, 324 F.2d 45, 46. See also Wansley v. Wilkerson, W.D.Va., 1967, 263 F.Supp. 54.

■ But "Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his

[1] "A convicted person shall be remanded in jail to await sentence, unless he is released on bail in accordance with this article. A person convicted of a felony shall not be admitted to bail, except that when a sentence of less than five years imprisonment is imposed, bail shall

be allowed pending appeal and until final judgment. A person convicted of a misdemeanor shall be allowed bail pending sentence, and on appeal until final judgment." Article 314, LSA–Code of Criminal Procedure.

718

liberty on bail pending trial. While it is inherent in our American concept of liberty that a right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial. Traditionally and acceptedly, there are offenses of a nature as to which a state properly may refuse to make provision for a right to bail." Mastrian v. Hedman, 8 Cir., 1964, 326 F.2d 708, 710, cert. denied, 1964, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982. This would apply a fortiori to bail pending appeal after conviction.

In a per curiam opinion in Sellers v. State of Georgia, 1967, 374 F.2d 84, 85, the Fifth Circuit Court of Appeals said there is "no absolute right to bail pending appeal." See also Iles v. Ellis, S.D. Ind., 1967, 264 F.Supp. 185, 186 ("There is no constitutional right to bail pending appeal."); Cf. Dameron v. Harson, W. D.La., 1966, 255 F.Supp. 533, 536–537, aff'd, 5 Cir., 1966, 364 F.2d 991, dealing with the right to bail pending trial.

■ There can be no doubt that the rule, so recently restated by the Fifth Circuit applies here. "While the right to bail is fundamental, it is not absolute. A state may constitutionally provide by statute that bail be granted in some cases and denied in others and it may constitutionally leave to the discretion of the trial court the grant or denial of bail and the fixing of its amount. The proscription is only that the state and the trial court must act reasonably and not arbitrarily or discriminatorily." Wansley v. Wilkerson, W.D.Va., 1967, 263 F. Supp. 54, 57.

In Rehman v. State of California, 1964, U.S. (not reported), 85 S.Ct. 8, 9,

13 L.Ed.2d 17, 18–19, Justice Douglas refused to admit a state prisoner to bail following conviction because "the applicant fell within the small and exceptional category of people who are not entitled to bail on appeal." In the later case of California v. Alcorcha, 1966, 385 U.S. 923, 86 S.Ct. 1359, 16 L.Ed.2d 435, Justice Douglas considered an application for bail from a state prisoner pending hearing of his state appeal, and apparently did not consider it necessary even to discuss the issue here raised.

■ Louisiana's policy as stated in its Constitution and in Article 314 of the Code of Criminal Procedure appears to be neither arbitrary nor capricious. It is not irrational for the state's people and its legislature to conclude that anyone already convicted of a crime involving five years imprisonment is so poor a bail risk that he should not be set free pending appeal.[2]

For the reasons stated, the application for habeas corpus is

Denied.

2. Whether or not the sale of marijuana should be proscribed is a question for the Louisiana Legislature. See United States v. Ward, 7 Cir., 1967, 387 F.2d 843. The federal constitution does not prevent the state from requiring its courts to impose on a youthful first offender a minimum sentence of five years for selling the weed that it assumes to be noxious "without benefit of parole, probation or suspension of sentence." LSA–R.S. 40:981(3).