**Gilberto HERNANDEZ and Frank Torres, Petitioners,**

v.

**Louis HEYD, Jr., Criminal Sheriff, Parish Prison, New Orleans, Louisiana, Respondent.**

**Misc. No. 1588.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 7, 1970.

Milton P. Masinter, Bernard A. Horton, New Orleans, La., for petitioners.

Numa V. Bertel, Jr., Byron Legendre, New Orleans, La., for respondent.

RUBIN, District Judge:

Petitioners Gilberto Hernandez (Hernandez) and Frank Torres (Torres) have moved to reduce bail fixed in state court proceedings claiming that the amount is excessive and therefore violates their rights under the Eighth Amendment. Petitioners, along with a third suspect, Nathaniel Brooks (Brooks), were arrested and charged in the Criminal District Court for Orleans Parish, Louisiana, with possession of narcotics. LSA–R.S. 40:962. Bail was fixed at $50,000 for each of the petitioners and at $5,000 for Brooks. Following a hearing on petitioners' motion to reduce bail, the state district judge reduced their bail to $40,000 each.

Claiming that they had been denied their right to reasonable bail under the Federal and Louisiana Constitutions, petitioners sought supervisory writs from the Louisiana Supreme Court pursuant to Article 322 of the Louisiana Code of Criminal Procedure.[1] The Louisiana Supreme Court denied the request stating: "The showing made does not warrant the relief sought." State of Louisiana v. Hernandez (Frank Torres), 226 So.2d 518, September 24, 1969. The petitioners then filed an application for reduction of bail with this court.

An order was entered by this court on October 1, 1969 setting the motion for hearing on October 8, 1969 to enable the petitioners to be heard and to offer evidence on the question whether their bail should be reduced. Counsel for petitioners stated they had no further evidence to introduce and submitted the application on the pleadings and the exhibits attached to the record. On October 14, 1969 an order was entered denying the application for written reasons to be later assigned.

Hernandez and Torres are nonresidents of Louisiana; they have regular work in Florida, live there with their families, and own property there. Torres is an American citizen by birth; Hernandez, a Cuban by birth, is a permanent resident of the United States and has been cleared by Immigration authorities. Brooks, the third suspect, is from New Orleans. Neither petitioner has any prior criminal record. Torres served in the United States Army from January 7, 1966 to October 11, 1967 and was honorably discharged; he is married and lives

---

1. "A person held may invoke the supervisory jurisdiction of the supreme court on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case." Article 322, Louisiana Code of Criminal Procedure.

with his wife in Miami. It is charged that, when the petitioners were apprehended, they had 59 ounces of heroin in their possession worth approximately $100,000 on the New Orleans retail market. The three suspects had $21,000 in cash among them. The State urges this is circumstantial evidence that they might be commercial peddlers. The bond usually fixed in other cases for persons charged with possession of heroin is $5,-000.

The State claims that the present bail is needed to guarantee the appearance of the petitioners for trial. It also argues that incarceration will restrain the petitioners from their alleged illicit trade. It cites the seriousness of the offense charged and argues that the amount is appropriate for the crime charged. The State seeks to distinguish this from the usual case in which possession is charged on the basis that the charge here involves 59 ounces of heroin while the usual amount is fixed in the case of addicts with a small amount of heroin in their possession.

In ruling on the motion to reduce, the state trial judge considered the factors enumerated in Article 317 of the Louisiana Code of Criminal Procedure:

"The amount of bail shall be such as in the judgment of the magistrate will insure the presence of the defendant, having regard to: (1) The seriousness of the offense charged; (2) The weight of the evidence against the defendant; (3) The previous criminal record of the defendant; (4) The ability of the defendant to give bail; and (5) Any other circumstances affecting the probability of the defendant's appearance."

The transcript of the proceedings indicates that the district judge refused to reduce petitioners' bail below $40,000 because of what he considered to be the nature and seriousness of the alleged crime, the circumstances surrounding the petitioners' arrest, and the fact that they are nonresidents.

## APPLICABILITY OF EIGHTH AMENDMENT

"Although the Supreme Court has not spoken on the applicability of the bail clause of the Eighth Amendment to the states through the Fourteenth Amendment, the weight of authority and reason favors such application." United States ex rel. Siegal v. Follette, S.D.N.Y.1968, 290 F.Supp. 632, 634. See Mastrian v. Hedman, 8 Cir. 1964, 326 F.2d 708, cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982; Pilkinton v. Circuit Court of Howell County, Mo., 8 Cir. 1963, 324 F.2d 45; Wansley v. Wilkerson, W.D.Va. 1967, 263 F.Supp. 54; Henderson v. Dutton, 5 Cir. 1968, 397 F.2d 375; United States ex rel. Fink v. Heyd, E.D.La. 1968, 287 F.Supp. 716.

The question whether bail is excessive involves a determination of whether the amount fixed is "reasonably calculated" to assure the presence of the accused for trial. Stack v. Boyle, 1951, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3. In *Stack* the United States Supreme Court considered a claim that bail fixed in connection with prosecutions under the Smith Act, 18 U.S.C.A. §§ 371, 2385, was excessive. "Bail set at a figure higher than an amount reasonably calculated to [assure the accused's presence for trial and submission to sentence if found guilty] is 'excessive' under the Eighth Amendment" the Court stated. 342 U.S. at 5, 72 S.Ct. at 3. The Court indicated that the "traditional standards as expressed in the Federal Rules of Criminal Procedure [Rule 46(c)] are to be applied in each case to each defendant" in achieving this purpose. 342 U.S. at 5, 72 S.Ct. at 4. The factors listed in Rule 46(c) are virtually the same as those listed in Article 317 of the Louisiana Code of Criminal Procedure.

Since the charges here involved are state charges we need not consider the effect of Rule 46(a) (1), Fed.Rules Crim. Proc.: "A person arrested for an offense not punishable by death *shall* be

admitted to bail * * *." (Emphasis supplied.) In *Stack, supra,* the Court observed "Petitioners' motion to reduce bail did not merely invoke the discretion of the District Court setting bail within a zone of reasonableness, but challenged the bail as violating statutory and constitutional standards." 342 U.S. at 6, 72 S.Ct. at 4. Rule 46(a) (1) reflects a legislative determination by Congress relating to federal criminal prosecutions; it is not a constitutional standard.

■■ In *Stack, supra,* the Court held that although there is no discretion to refuse to reduce excessive bail, the determination of what is excessive still involves standards of reasonableness. An accused detained by the state may obtain federal review of the setting of excessive bail, but the only issue to be resolved is whether the state trial judge acted arbitrarily. See Pilkinton v. Circuit Court of Howell County, Mo., *supra;* Mastrian v. Hedman, *supra;* and Wansley v. Wilkerson, *supra.* Here the factors considered by the trial judge were consistent with those set forth in *Stack;* it cannot be said that he acted arbitrarily or abused his discretion. The state judge, considering all the pertinent facts, fixed a lower amount of bail for Brooks. But he considered also that Hernandez and Torres are Florida residents; that the maximum sentence, under Louisiana law, for possession of a narcotic drug is imprisonment for fifteen years, and that there is a minimum mandatory sentence of five years. LSA–R.S. 40:981(4). Thereafter the seven justices of the Louisiana Supreme Court reviewed the record and did not consider that it warranted the relief sought.[2]

Accordingly, the petitioners' motion to reduce bail is denied.

2. *Compare,* State v. Jones, 1968, 252 La. 903, 215 So.2d 108 where the Louisiana Supreme Court held bail set at $100,000 in connection with two charges of perjury excessive and fixed bail at $2,500 in each case.

"If the trial judge reasonably believes that regardless of the amount set the ac-

cused will be unlikely to be present at trial, he may deny bail completely. United States v. Nebbia, 2 Cir. 1966, 357 F.2d 303." Wansley v. Wilkerson, W.D. Va.1967, 263 F.Supp. 54, 57.