**Austin Troy SIMON, Petitioner-Appellee,**

v.

**Albert WOODSON, Sheriff of Lamar County, Texas, Respondent-Appellant.**

**No. 71–2789**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1972.

---

\* ■  Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Crawford C. Martin, Atty. Gen. of Texas, Alfred Walker, Executive Asst. Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., M. D. Emerson, County Atty., Jerry Davis, Asst. County Atty., Lamar County, Tex., Nola White, First Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for respondent-appellant.

Leighton Cornett, Paris, Tex., Cornett, Echols & Biard, Paris, Tex., for petitioner-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

After several habeas corpus proceeding adjustments, which included one appellate review, the State of Texas set bail for A. T. Simon at 20,000 dollars on a charge of assault upon a police officer with intent to murder. Simon then asserted a right to federal habeas relief, pursuant to 28 U.S.C.A. §§ 2241 and 2254. The district court found that the bail as set by Texas was so excessive as to be violative of the Eighth Amendment and to deny Simon equal protection of the law under the Fourteenth Amendment, and ordered that bail be reduced to 6,000 dollars. We previously stayed this order pending review on the merits. Finding that the action of the state was not arbitrary, we now reverse.

According to the findings made by the state habeas corpus court, it all started when city police officers in Paris, Texas, responded to a call from Mrs. Addie Harris, who reported that Simon, who lived across the street from her, was drunk, armed with a shotgun, and had threatened to kill her. Two officers arrived to apprehend Simon. In the course of arrest, Simon pointed a shotgun at one of the officers and threatened to shoot him, but was persuaded to lay the shotgun on the ground. However, Simon continued to resist arrest, and a physical struggle ensued. During the struggle, Simon attempted to take a loaded pistol from inside his pocket, and also urged his wife, who had recently appeared at the engagement, to get the pistol and kill the officers. After being subdued and then into custody, Simon continued to threaten the officers and

persisted in the threats on the way to and at the police station.

Initially, two complaints were filed against Simon, one for threatening to take the life of Addie Harris, and the other for assault with intent to commit murder. Later, these complaints were dismissed, and the single complaint of assault with intent to murder a police officer in the performance of his duties was filed. Bond on this latter complaint was set by a justice of the peace at 25,000 dollars. Simon sought a writ of habeas corpus in the state district court in Lamar County, Texas, complaining of the amount of the bond. After a hearing, the court found the bond not to be unreasonable under the circumstances and denied relief. This denial was reviewed by the Court of Criminal Appeals of Texas, which affirmed the judgment below. 469 S.W.2d 804 (1971). Simon was subsequently indicted on the assault charge and bond was fixed at 24,000 dollars.

Simon next applied to the federal district court for habeas corpus relief alleging that the 24,000 dollar bail set in his case was unconstitutionally excessive under the Eighth Amendment, and a denial of equal protection of law under the Fourteenth Amendment. After a hearing, the district judge entered an order granting habeas relief but stayed its operative effect for 15 days, in order to allow the State to afford Simon another hearing and set a "reasonable bail."

Pursuant to the federal judge's order, Simon returned to the State district court and again applied for habeas relief there. After another hearing, the State habeas court entered written findings of fact. Under 28 U.S.C.A. § 2254(d), these findings, like those recited above, which the state made concerning Simon's initial apprehension, must be presumed to be correct. These findings disclosed that: Simon had previously been tried and convicted of murder; he owned a house and lot in Paris, Texas (of the approximate value of 1,000 dollars), but had conveyed the same to his attorney; he owned no other real property in La-

mar County, and other than his wife, had no relatives there; no evidence was offered to show that Simon would be employed in the future; and from the evidence in the case, it appeared to be "a very real possibility" that Simon would receive a life sentence on the charge, the maximum allowable penalty. Most importantly, the court found "(t)here is absolutely nothing to keep A. T. Simon in Lamar County, Texas, if he is released from custody. The bail bond set by this Court will be the sole and only means of assuring his presence in this Court for trial on this indictment." The judge concluded that a 20,000 dollar bond was necessary for that purpose, and reduced the bond to that amount.

Simon immediately resubmitted his case to the federal district court, which had already decided he was entitled to habeas relief, and moved the judge therein to set his bond at some lower "reasonable" figure. The judge, apparently accepting as true Simon's assertions that he could meet bail if it were set at 6,000 dollars, ordered that he be released as soon as he had posted that amount. The district judge concluded that Simon was entitled to this relief on two separate constitutional grounds. First, the 20,000 dollar bond required of Simon in connection with the crime with which he was charged was inconsistently higher than bonds required by this county in other comparable cases and, therefore, constituted a denial of equal protection of the law in violation of the Fourteenth Amendment. Second, the amount of the bond was "excessive" and therefore a violation of the Eighth Amendment. Upon motion of the State of Texas, this Court stayed the district court's order pending a full appeal on the merits.

## EQUAL PROTECTION

The lower court's conclusion that Simon had been denied equal protection of the law was based upon evidence presented in that court which showed that in 56 serious cases tried since January 1, 1960, in the same county and judicial district where Simon was charged, no bail

as high as 20,000 dollars had ever been set. Even if it were not so that this bail comparison study (1) was limited to a single county in the State of Texas, (2) was limited in both number of years and cases considered, (3) included crimes that were not only less serious, but totally dissimilar to the one with which Simon was charged, and (4) overlooked the fact that in 15 of the cases, bail was denied altogether—obviously a more restrictive disposition than a 20,000 dollar bail bond, we would still be unpersuaded that it established an equal protection claim. Indeed, if a comparison of other cases classified by type of crime and amount of bail were to be accorded controlling weight in adjudging constitutionality of bail, it would in reality mean that no factor other than what a defendant is charged with should be considered in setting his bail. The intelligent, sensitive treatment of each defendant as an individual, which is required, could never be made on that basis alone.

What this bail comparison study wholly fails to show is any of the circumstances surrounding the persons involved in those 56 other cases. What were their ties to the community? Did they have friends and relatives there? How long had they lived there? Were they employed there? Did they have any previous criminal record? Had they ever "jumped bail"? How much property did they own in the community and in the state? What was the nature and weight of the evidence against them in the crime charged? In light of their previous records, if any, and the crime charged, how severe a sentence might they be expected to receive?

■ Since the court's study did not show that the elements that a Texas official must consider in setting bail [1] were substantially similar in those 56 cases as in Simon's, we simply cannot agree that, together or separately, they demonstrate that he has been so unfairly dealt with as to compromise his Fourteenth Amendment rights. Indeed, not only is nothing other than the crime charged in those other cases offered as a point of comparison, but we take special note of the state court's finding that "(n)o cause of the same nature as this has ever been tried in Lamar County, nor has any indictment for this identical offense been previously returned in Lamar County." [2] While we do not go so far as to hold that an equal protection violation in bail-setting could never be shown, we are convinced that it clearly was not shown here.

## EXCESSIVE BAIL

Though the Supreme Court has not squarely considered the issue,[3] this Cir-

---

1. Vernon's Ann.Tex.Code Crim.Proc. art. 17.15 (1965), Rules for Fixing Amount of Bail, provides:

   The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
   1. The bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with.
   2. The power to require bail is not to be so used as to make it an instrument of oppression.
   3. The nature of the offense and the circumstances under which it was committed are to be considered.
   4. The ability to make bail is to be regarded, and proof may be taken upon this point.

2. Ex Parte: A. T. Simon, No. 2686–A (Sixth Jud.Dist.Ct., Lamar County, 1971).

3. However, the High Court has recently dealt with the question as follows:
   " 'Bail, of course, is basic to our system of law, Stack v. Boyle, 342 U.S. 1, [72 S.Ct. 1, 96 L.Ed. 3] (1951); Herzog v. United States, 75 S.Ct. 349, 351 (1955) (opinion of Mr. Justice Douglas), and the Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment. Pilkinton v. Circuit Court of Howell County, 324 F.2d 45, 46 (CA8 1963); see Robinson v. California, 370 U.S. 660, 666, [82 S.Ct. 1417, 8 L.Ed.2d 758] (1962), and the concurring opinion of Mr. Justice Douglas, at 675, [82 S.Ct. 1417]. But we are not at all concerned here with any

cuit, by means of a six-word footnote [4] to Henderson v. Dutton, 397 F.2d 375 (5th Cir. 1968), and the Eighth Circuit much more explicitly,[5] have each made some commitment to the proposition that the Eighth Amendment's prohibition of excessive bail is binding upon the several states. A number of district courts, including several within this Circuit,[6] have likewise embraced the proposition. Since we decide that this particular provision of the Constitution should afford Simon no relief even if the State of Texas is specifically bound by it, we think it unnecessary and inappropriate for us to elaborate here on *Henderson's* footnote 3. Simply noting that the district judge could cite much persuasive authority to support his agreement with that footnote, for the remainder of our discussion we assume *arguendo* that he was correct in so agreeing.

■ The Supreme Court has said that the determination of whether bail is excessive involves an assessment of whether the amount fixed is "reasonably calculated" to assure the presence of the accused at trial. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 91 L.Ed. 3 (1951); accord United States v. Cramer, 451 F.2d 1198 (5th Cir. 1971); United States v. Cook, 428 F.2d 460 (5th Cir. 1970); Brown v. United States, 392 F.2d 189 (5th Cir. 1968). In *Stack,* the court pointed out that although there is no discretion to refuse to reduce bail adjudged to be excessive, the initial determination

of excessiveness still involves standards of reasonableness. Thus, the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted *arbitrarily* in setting that bail. *See* Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. denied 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982; Pilkington v. Circuit Court of Howell County, Mo., 324 F.2d 45 (8th Cir. 1963); Hernandez v. Heyd, 307 F.Supp. 826 (E.D.La.1970); Wansley v. Wilkerson, 263 F.Supp. 54 (W.D.Va. 1967). Any other rule would not only commit the federal courts to the burdensome task of hearing evidence upon and setting bail *de novo* in a host of criminal cases, but also and much more intolerable, such a rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their processes of criminal justice. We adhere to the standard laid down in *Mastrian, supra,* at 710–711 of 326 F.2d:

> A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation.

■ In the case at bar, the record demonstrates that state officials who set Simon's bail were consistent with those set forth as appropriate in *Stack.*[7] From

---

fundamental right to bail or with any Eighth Amendment-Fourteenth Amendment question of bail excessiveness.' " Schilb v. Kuebel, 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971).

4. The context in which the footnote is cast is as follows: the text of the opinion, at 377, reads, " . . . the Constitution prohibits the States from inflicting cruel and unusual punishment [3] ", and footnote 3 continues, "And undoubtedly excessive bail as well."

5. Pilkinton v. Circuit Court of Howell County, Mo., 324 F.2d 45 (8th Cir. 1963).

6. United States ex rel. Keating v. Bensinger, 322 F.Supp. 784 (N.D.Ill.1971); Goodine v. Griffin, 309 F.Supp. 590

(S.D.Ga.1970); Hernandez v. Heyd, 307 F.Supp. 826 (E.D.La.1970); United States ex rel., Covington v. Coparo, 297 F.Supp. 203 (S.D.N.Y.1969); United States ex rel., Siegal v. Follette, 290 F.Supp. 632 (S.D.N.Y.1968); United States ex rel., Fink v. Heyd, 287 F.Supp. 716 (E.D.La.1968), aff'd 408 F.2d 7 (5th Cir. 1969); Wansley v. Wilkerson, 263 F.Supp. 54 (W.D.Va. 1967).

7. In *Stack,* the court indicated, 342 U.S. at 5, 72 S.Ct. at 4, that the "traditional standards as expressed in the Federal Rules of Criminal Procedure [Rule 46 (c)] are to be applied in each case to each defendant" to achieve the purpose of assuring the accused's presence for

this record, it simply cannot be said that the state judge who refused to reduce bail below 20,000 dollars acted arbitrarily or beyond the range within which judgments could rationally differ. In light of the findings by the state that the crime charged was an especially serious one, carrying a maximum of life imprisonment, that Simon had previously been convicted of murder, that he had conveyed his house to his attorney and owned little, if any, other property in the state, that he had no relatives other than his wife in the county, and that no showing of future employment opportunity had been made, it was not wholly unreasonable that the state judge should decide that nothing short of the substantial bail required would assure Simon's presence at trial.

■ The federal district judge relied heavily, if not exclusively, upon the representations by Simon and his wife that they could not meet a 20,000 dollar bond, but could meet a 6,000 dollar bond. We agree that the ability to make bond is an important element in fixing an appropriate amount therefor, but it cannot be said that the Constitution requires that it alone be controlling. We cannot say that Texas acted arbitrarily and unreasonably in giving those other factors heretofore mentioned greater weight. Moreover, while appeal in this matter was pending, Simon met the 20,000 dollar

bail and has been enlarged thereon.[8] Though this development does not by any means establish that the state was correct in its determination that 20,000 dollars was an appropriate bail, it does serve to emphasize the wariness a federal court should have of second-guessing a state court's bail assessment, and of overturning such an assessment on the grounds that the bail has been set so high that the defendant could not possibly meet it.

If the excessive bail proviso of the Eighth Amendment is applicable to the states, then federal habeas corpus is surely available to a petitioner held in violation thereof.[9] In pre-trial bail situations, this relief must be swift and certain lest time render the amendment's protection illusory. However, the federal court's action must be as careful as it is prompt. While Simon's constitutional rights must be safeguarded, the states, which bear the brunt of law enforcement, are equally entitled to be free from unwarranted federal intrusion. This is the letter and the spirit of § 2254.

The judgment granting habeas corpus relief is reversed, and the cause is remanded with directions to dismiss the cause.

Reversed and remanded, with directions.

---

trial. Though Rule 46(c) is, of course, inapplicable to the case at bar, we note that the provisions of that rule are quite similar to those of Art. 17.15, *supra*, n. 2:
(c) *Terms*. If the defendant is admitted to bail, the terms thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail, the character of the defendant, and the policy against unnecessary detention of defendants pending trial.

8. Though Simon is no longer being detained, his freedom does not render the

cause moot. The fact that he retains an undeniable monetary interest in the amount by which the bond is alleged to be unconstitutionally excessive keeps it from being so. Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Murray v. Wainwright, 450 F.2d 465 (5th Cir. 1971); McDaniel v. Sheriff of Dallas County, 445 F.2d 851 (5th Cir. 1971).

9. Contrary to the State's contention here, we do not consider Texas v. Whittington, 391 F.2d 905 (5th Cir. 1968) to foreclose federal inquiry even were an Eighth Amendment violation established. That case gave no consideration whatever to the Eighth Amendment contention being made in the case before us.