**Burley Ray NOBLE, Petitioner,**

v.

**Talbert TURNER, Jailer, Breathitt County, Kentucky, Respondent.**

**Civ. No. 846.**

United States District Court,
E. D. Kentucky,
Jackson Division.

March 8, 1973.

David E. Murrell, Deputy Public Defender, Frankfort, Ky., for petitioner.

Thomas S. Miller, County Atty., Jackson, Ky., for respondent.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

The petitioner has made application to proceed in forma pauperis under 28 U.S.C. Section 1915 in his tendered action seeking a Writ of Habeas Corpus. He has filed in support of his application his W-2 forms which indicate that, without his income, he is an indigent and, therefore, qualifies to proceed under 28 U.S.C., Section 1915(a). Foster v. United States, 344 F.2d 698 (6th Cir., 1965).

The main thrust of the tendered Petition for Federal Habeas Corpus relief is directed toward the allegations that the petitioner is confined in the Breathitt County, Kentucky jail awaiting trial for breaking and entering the dwelling house of another, in violation of KRS 433.180. The petitioner further contends that the confinement is based solely upon his failure to meet the conditions imposed by the Breathitt Circuit Court to secure his pre-trial release, that is the giving of a Five Thousand ($5,000.00) Dollar bail bond, with good and approved surety. As a result, the petitioner argues that the amount of bail is excessive and violates rights guaranteed to him by the Eighth and Fourteenth Amendments to the Constitution of the United States.

In support of this argument the petitioner asserts that he is an indigent and, therefore, is unable to meet requirement of bail in any monetary amount. In addition, the petitioner contends that the criminal sanctions imposed by the Commonwealth of Kentucky under KRS 432.-361 is an effective deterrent to jumping bail, and, as such, would be a viable alternative to monetary bail.

The petitioner's claim is without merit. The requirements as to what constitutes a reasonable bail has been set out in Stack v. Boyle, 342 U.S. 1, 5, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951) where the Supreme Court held:

"[T]he fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant."

Consideration should be given to the seriousness of the crime charged, the past record and recent action of the accused along with his financial ability to procure bail as bearing upon his good faith in appearing for trial. United States ex rel. Rubenstein v. Mulcahy, 155 F.2d 1002, 1004 (2d Cir., 1946). The only question before this Court is "whether the state judge has acted *arbitrarily* in setting that bail". Simon v. Woodson, 454 F.2d 161, 165 (5th Cir., 1972).

The facts that the petitioner has admitted in his petition alone are sufficient for this Court to find that the bail set by the Breathitt Circuit Court was not excessive nor arbitrary. The petitioner's act of flight to avoid prosecution for the offense charged; his continued absence from Kentucky; the establishment of an abode in Illinois with his family; his "voluntary" return only after arrest, along with the fact that his co-defendant had failed to appear after release under a One Thousand ($1,000.-00) Dollar bond in connection with the same offense, could rationally lead the state trial judge to conclude the other alternatives available would not insure the presence of the petitioner at trial.

Petitioner's Motion to Proceed in Forma Pauperis will be sustained. The Petition for Writ will be filed.

It appearing that if all factual allegations made in the Petition be taken as true along with the admissions made therein, no basis exists for finding the

state court acted arbitrarily. Simon v. Woodson, supra. Where the petitioner has fled the jurisdiction once to avoid prosecution, imposition of a Five Thousand ($5,000.00) Dollar surety bond for the felony crime of breaking and entering of a dwelling house when petitioner was again apprehended does not constitute arbitrary or oppressive state action.

Accordingly, there appears no basis for an evidentiary hearing where all allegations of fact are taken as true.

The Motion for Writ of Habeas Corpus is overruled.