

Bernard H. Dempsey, Jr. of Dixon, Shear, Brown & Stephenson, Orlando, Fla., for petitioner.

E. J. Salcines, State's Atty., Tampa, Fla., for respondent.

## ORDER

KRENTZMAN, District Judge.

On June 21, 1974, petitioner Raymond G. Stansel, Jr., a state prisoner, filed in this Court a petition for writ of habeas corpus under the provisions of Section 2254, Title 28, United States Code.

It was assigned to Judge Wm. Terrell Hodges, who referred it to the United States Magistrate for report and recommendation, pursuant to general order of assignment.

The magistrate required the filing of certain evidentiary matter and scheduled a pretrial conference, which was held before him on July 3, 1974. On July 10, 1974, the magistrate filed his report and recommendations. In the absence of Judge Hodges, who is on vacation, the matter is before the undersigned.

The Court has considered the report and recommendation of the United States Magistrate and has personally read and examined all of the exhibits, pleadings and briefs, including the 3 volume transcript of proceedings before the Circuit Judge consisting of 851 pages, a copy of the State Grand Jury indictment, and a copy of the opinion of the

**Raymond G. STANSEL, Jr., Petitioner,**

v.

**Malcolm E. BEARD, Sheriff of Hillsborough County, Florida, Respondent.**

No. 74–335 Civ.T.–H.

United States District Court,
M. D. Florida,
Tampa Division.

July 11, 1974.

District Court of Appeal for the Second District of Florida, filed June 18, 1974.

The findings hereinafter set out are based on the Magistrate's findings and the independent consideration of the Court.

## FINDINGS

On June 6, 1974, the petitioner was arrested, charged with conspiracy to possess marijuana. Prior to arrest Circuit Judge Marvin U. Mounts, Jr. set bail in the amount of $1,000,000. On June 7, 1974, petitioner filed a motion for reduction of bail before the Hon. Herboth S. Ryder, Circuit Judge assigned to try petitioner. Petitioner was informed that a hearing could be scheduled for June 11, 1974. Petitioner filed a petition for writ of habeas corpus with the Florida Second District Court of Appeal and was granted an immediate hearing on June 7, 1974. The Florida Second District Court of Appeal issued an order that the Circuit Court commence a hearing on petitioner's motion to reduce bond immediately. At approximately 10:30 p. m. on June 7, 1974, Circuit Judge Ryder began taking testimony on the issue of the amount of bail which should be fixed in the case. At the conclusion of the hearing Circuit Judge Ryder issued an order granting petitioner's motion to reduce bail and set the amount of bail at $500,-000, a copy of which order was filed with respondent's answer. Petitioner then filed a petition for writ of habeas corpus with the Florida Second District Court of Appeal. The Florida Second District Court of Appeal filed an opinion on June 18, 1974, denying petitioner's writ of habeas corpus and fixing bail in the amount of $500,000. A copy of the opinion of the Florida Second District Court of Appeal was filed with petitioner's answer.

On June 21, 1974, petitioner made application for a writ of habeas corpus in this Court, alleging the same facts as had been considered by Circuit Judge Ryder in the original motion to reduce bond by the Florida Second District Court of Appeal.

At the pretrial conference before the Magistrate, by stipulation of counsel, certain exhibits were received and admitted. Counsel for petitioner stipulated that Judge Ryder had conducted a full, fair and impartial bail hearing.

The Magistrate reports that the parties further stipulated:

1. Exhibits Nos. 1, 2 and 3 (Indictment and Bail Orders), together with the transcript of proceedings before Judge Ryder are admitted in evidence.

2. Petitioner has exhausted state remedies.

3. Petitioner remains in custody in lieu of bail in the amount of $500,000.

4. Trial of petitioner is scheduled for August 26, 1974, before Judge Ryder.

■ Petitioner seeks an evidentiary hearing in this Court but proffered no new facts or evidence which could not have been adduced at hearings held by Judge Ryder. Petitioner, in the event an evidentiary hearing is held in this Court, in addition to the transcript of the hearing before Judge Ryder, would seek to prove the following, which are disputed by respondent:

A. Petitioner can, under no circumstances, obtain a bond in the amount of $500,000, without giving full cash security, either by depositing the same as cash bail or depositing same with a bondsman.

B. Statistically the Courts of the Florida judicial district involved have never fixed a bail bond which has been posted in excess of $50,000.

C. The courts of the Florida judicial district involved have never set bail in excess of $100,000.

As to each of said contentions the Court finds that neither raises a genuine issue as to a material fact. For the purpose of the matters before the Court it will assume that petitioner cannot obtain the required bond. The contentions that the bond set for petitioner is greater than that which has heretofore been set in the Florida judicial district involved is immaterial. As the Court, in Simon v. Woodson, 454 F.2d 161 (1972) at 165, states:

The Supreme Court has said that the determination of whether bail is ex-

cessive involves an assessment of whether the amount fixed is "reasonably calculated" to assure the presence of the accused at trial. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 91 L.Ed. 3 (1951)

Thus it cannot be said that there is a violation of equal protection since the bail requirements for each person are relative and must be determined on a person by person basis, after full and fair consideration of the factors and criteria relevant to whether the amount fixed is reasonably calculated to assure the presence of the accused at trial. As stated in *Simon, supra,* at 165:

.  .  the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted *arbitrarily* in setting that bail. *See* Mastrian v. Hedman, 326 F. 2d 708 (8th Cir. 1964), cert. denied 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed. 2d 982).

Petitioner contends that some of the Florida courts' findings are supported by no evidence and that other findings are not supported by sufficient evidence.

■ Based on a review of the entire file, including the transcript of the mentioned bail hearings, the Magistrate found and this Court finds that the Florida courts have conducted a full and fair bail hearing and that the material findings of state courts are supported by evidence. Accórdingly it will not be necessary for this Court to conduct an evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Petitioner further contends that the bail is excessive and arbitrary and amounts to a denial of the constitutional right to pretrial bail.

The Magistrate finds and this Court finds that the bail fixed by Florida courts is not so arbitrary or excessive under the facts found, as to amount to a denial of a federally protected right to pretrial bail and that the petition should be dismissed as being without merit. *Simon, supra.*

The Magistrate's report and recommendation is adopted and confirmed. Upon consideration of the report and recommendation of the Magistrate and upon this Court's independent examination of the entire file, it is

Ordered that petition for writ of habeas corpus be dismissed.

It is so ordered.