**SEARS ROEBUCK AND COMPANY,
a corporation, Plaintiff,**

**v.**

**ZURICH INSURANCE COMPANY, an
Insurance corporation, Defendant.
No. 68 C 1942.**

United States District Court
N. D. Illinois, E. D.

May 13, 1969.

Michael R. Turoff and B. Y. Weitzenfeld, Chicago, Ill., for plaintiff.

John M. Moelmann and Perry L. Fuller, Chicago Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

Sears Roebuck and Co. has brought this action in diversity under the Declaratory Judgment Act, 28 U.S.C. § 2201, to have its rights determined with respect to the defendant Zurich Insurance Co. The plaintiff alleges that it is within the coverage of a contract of insurance written by the defendant which requires the defendant to provide a defense and indemnify Sears for any damages for which it is held liable in a suit now pending against Sears in the United States District Court for the Northern District of Texas. The matter is before the Court on defendant's motion to dismiss the complaint.

Warwick Electronics, Inc., a manufacturer who supplies Sears with various products for resale, is the insured under a policy written by Zurich Insurance Co. That policy insures Warwick against loss from liability imposed on account of personal injury or property damage caused by products manufactured, sold or distributed by Warwick. Zurich is also required to defend any suit brought on account of an accident covered by the policy. The contract contains a vendors' endorsement which extends defense and liability coverage to Sears.

A Warwick product was sold by Sears in Lubbock, Texas to one Glenn Coulter. After servicing by Sears, the product allegedly caused a fire which resulted in a lawsuit by Coulter against Sears. After refusal by Zurich to defend that suit, Sears brought this action to determine its rights under the vendors' endorsement. As substantive defenses Zurich contends that its policy does not cover occurrences arising out of services or repairs performed by Sears and that notice of the accident was not given as soon as practicable as required by the policy. This motion to dismiss, however, is based on the contention that this Court should not accept jurisdiction.

It is elementary that the question of relief under the Declaratory Judgment Act is addressed to the discretion of the court. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). It is equally true that the statute should be liberally construed in order to effectuate the purpose for which the Act was intended, specifically to alleviate uncertainty with respect to legal rights and obligations.

Aetna Casualty and Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937).

█ The plaintiff here is seeking a declaration of its rights under a vendors' endorsement of an insurance contract in order to establish that it is entitled to defense and indemnity by the defendant in a property damage action that is now pending against the plaintiff. This case is substantially the same as Sears Roebuck & Co. v. American Mutual Liability Ins. Co., 372 F.2d 435 (7th Cir. 1967). It was there held an improper exercise of discretion for the District Court to dismiss an action for a declaration that an insurer was obliged to provide a defense and pay any judgment in a suit pending against the plaintiff on the basis of a vendors' endorsement in an insurance contract. In examining the scope of judicial discretion the Court stated:

Declaratory judgment should not be granted to try particular issues without settling the entire controversy, or to interfere with an action already instituted. (Citation omitted). But the pendency of another suit is not a sufficient reason to decline declaratory jurisdiction if that suit will not necessarily determine the controversy between the parties. Yellow Cab Co. v. City of Chicago, 7 Cir., 186 F.2d 946, 951 (1951). The standards generally to be applied in exercising discretion to hear a declaratory judgment action are whether a declaratory judgment will settle the particular controversy and clarify the legal relations in issue. Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 113 F.2d 703, 709 (1940).

* * * Discretion must be exercised for a reason related to the purposes of the Act; it must relate to the clarification of legal issues and the settlement of controversies or to some overriding policy consideration such as abstention in state matters, inconvenience to parties, or improper use of the declaratory judgment action.

(Citation omitted). *Id.* 372 F.2d at 438.

There can be no doubt that the relief sought here is entirely proper under the provisions and intent of the statute. Sears Roebuck & Co. v. American Mutual Liability Ins. Co., *supra*; Maryland Casualty Co. v. Consumers Finance Service, 101 F.2d 514 (3rd Cir. 1938). The question in controversy is whether the defendant's obligations under an insurance contract extends to the plaintiff in the circumstances which gave rise to the Texas litigation. This action will settle that controversy and the property damage suit by Coulter testing Sears' liability will not.

██ The defendant attempts to distinguish the *American Mutual* case on the basis of convenience of the forum by noting that the pending litigation which gave rise to that suit was in the Circuit Court of Cook County, Illinois. Convenience of the parties is indeed a factor to be considered. However, merely noting that the pending state court suit in the *American Mutual* case was in the same district as the declaratory judgment action and that in this case it is not, does not make out a case of inconvenience. The defendant has not specifically alleged that this forum is inconvenient. Moreover, the facts now before this Court indicate otherwise. The defendant is doing business in this district and Chicago is the plaintiff's principal place of business. It has not been alleged that the defendant is doing business in Texas or that proper venue would lie there or elsewhere. Since it is this Court's opinion that the plaintiff is entitled to a declaration of its rights, relief will not be declined without some clear showing of inconvenience.

█ It has also been suggested that the issues in this case would be the same as in the Coulter suit. The damage suit against Sears will determine Sears' liability to a consumer for an alleged defective product or improper servicing. This suit will determine whether Sears

is entitled to coverage under the insurance contract between *Warwick* and Zurich. The issues are not the same.

It is true that the defenses raised by Zurich may require the overlapping of evidence. The Texas suit charges Sears with improper servicing as well as use of defective materials, failure to discover defects and failure to warn of defects. Zurich, among other things, alleges that the policy does not cover accidents arising out of improper servicing by Sears. Therefore it may be necessary for this Court to determine whether the accident resulted from defect or servicing.

However, in order to decline to grant the declaratory judgment it is not enough that the pending Texas suit might settle certain issues raised here. It must be apparent that the judgment in that case would necessarily settle those issues. Maryland Casualty Co. v. Consumer Finance Service, *supra*, 101 F.2d at 515; Sears Roebuck & Co. v. American Mutual Liability Ins. Co., *supra*, 372 F.2d at 438. The possibility is apparent that a finding of liability against Sears could be made without a specific finding that it resulted from a defective product or from improper servicing or both. This is equally true if the judgment is for the defendant. In the latter event, Sears would still be entitled to a determination of the question of defense by Zurich and that potentiality does not affect this Court's obligation to hear the case because of failure of jurisdictional amount. Further, even if the Coulter action were to specifically base a judgment for the plaintiff on defective product, the questions raised by Zurich's other substantive defenses, such as failure to notify promptly, would go unanswered.

Finally the Court notes three recent decisions in this District to the contrary. Gulf Ins. Co. v. Dooley, 286 F. Supp. 16 (N.D. Ill.1968); Illinois Conference of the United Church of Christ v. Fidelity and Casualty Ins. Co., No. 68 C 1787 (N.D. Ill. February 13, 1968); Sears Roebuck & Co. v. Zurich Ins. Co., No. 68 C 1893 (N.D. Ill. February 14, 1969). The appeal in one of these cases was dismissed on plaintiff's motion and the appeal of another is now pending. To the extent that they are in point this Court chooses not to follow them. It is our opinion that the *American Mutual* case is controlling and that no legally distinction has been drawn.

For the reasons stated above, the defendant's motion to dismiss shall be, and the same is hereby ordered denied.