Paul J. Yesawich, Jr., J.
Petitioner in this habeas corpus proceeding challenges the constitutionality of the preliminary hearing which was accorded relator in order to determine whether his parole should be revoked. Petitioner’s request, made on oral argument that the court conduct a fact-finding hearing, is denied for the issue presented is purely one of law.
The day following relator’s arrest on an assault charge, the New York State Board of Parole issued a parole detainer by • virtue of which relator is being held by the respondent Sheriff. The basis for the parole detainer is that relator allegedly violated six conditions of his parole. On April 9, 1973 a preliminary hearing was held to determine whether there was probable cause for believing that relator had committed a parole violation. At that hearing, only charge number one relating to the parolee’s arrest for assault was considered. Probable cause was found to exist but that determination was subsequently *556 annulled "by the Honorable Stephen Smyk, Broome County Court Judge. From petitioner’s brief it appears that the April 9,1973 hearing was found to be improper because “ relator was denied the right to cross-examine witnesses and to confront his accuser.” Thereafter, a second parole detainer was issued, and on April 30, 1973 a second preliminary hearing was held. The Hearing Officer limited the issues to charges two through six. The evidence adduced against the relator, who was present and represented by counsel consisted of unsworn testimony from the arresting police officer who said he saw the parolee in a certain bar after 2:00 a.m., and from the parole officer to the effect that the parolee was subject to a 12:00 o’clock curfew. Relator’s counsel, who contended that the second hearing should not be held because it constituted double jeopardy, was offered but declined the opportunity to cross-examine the witnesses as well as the opportunity to offer ‘ ‘ whatever you wish to offer with respect to charge number 2 ” (the curfew violation charge). The Hearing Officer thereupon concluded that probable cause existed for believing that relator had violated one of the conditions of his parole, namely the midnight curfew.
Petitioner also argues that because the same Hearing Officer conducted both hearings the relator was twice placed in jeopardy. He also claims that because unsworn testimony was adduced, relator’s right to due process was violated, and further that the alleged violation of parole, even if true, was a mere technicality.
The contention that the doctrine of double jeopardy obtains must be rejected for the preliminary hearing mandated by Morrissey v. Brewer (408 U. S. 471) and which was conducted here is not a formal, adversary proceeding which is to be equated to a criminal prosecution in any sense (Morrissey v. Brewer, 408 U. S. 471, 480; People ex rel. Calloway v. Skinner, 41 A D 2d 106). Morrissey also makes it clear that at the first stage hearing due process requires only that an effective, informal but minimal inquiry be conducted. While that informal hearing must be so structured as to assure that the finding of a parole violation is based on confirmed facts, the Supreme Court of the United States did not specify that only sworn testimony was to be considered. The court’s emphasis on the informality of a preliminary hearing implies that no such requirement was intended.
- Further, although the April 9 hearing was found to be procedurally defective the Parole Board was not thereby necessarily "precluded from holding the second preliminary hearing (see Arthurs v. Regan, 69 Misc 2d 363). And, under the circum *557 stances presented, it cannot be concluded from the fact that the second preliminary hearing was held that the Parole Board was therefore engaged in a policy of systematically harassing the relator.
Finally, the question of whether a particular parole violation by a particular parolee is substantial or trivial is a question to be resolved at the second stage since it is there that the relevant facts can be more comprehensively and accurately developed, and there that the Parole Board members’ experience and expertise is available to be applied.