UNITED STATES ex rel. Michael
DERECZYNSKI et al.,
Petitioners-Plaintiffs,

v.

Joseph J. LONGO, Chairman, Parole and
Pardon Board, Illinois Department of
Corrections, and Winston Moore, Super-
intendent, Cook County Dept. of Correc-
tions, Respondents-Defendants.

No. 73 C 1297.

United States District Court,
N. D. Illinois, E. D.

Nov. 16, 1973.

Thomas J. Kelly, Chicago Volunteer Legal Services Foundation, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., of Illinois, Bernard Carey, State's Atty., Cook County, James B. Zagel, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

*Motions to Dismiss, to Convene a Three-Judge Court, and For Leave to Proceed as a Class*

This action is brought in two counts by four parolees who are charged with parole violations and who are now incarcerated in the Cook County Department of Corrections. Count I of the complaint is a petition for writ of habeas corpus; Count II is an action for declaratory and injunctive relief. Petitioners

seek to bring this action individually, and as representatives of a class whose members consist of:

(a) Those who have been incarcerated in the Cook County Department of Corrections pursuant to parole violation warrants issued by defendant Longo or his agents and have not been afforded a prompt preliminary hearing, nor a prompt parole revocation hearing.

(b) Those who have been denied bail, pending a preliminary or final parole revocation hearing, by defendant Longo or his agents.

(c) Those who have deposited bail with the Clerk of the Circuit Court of Cook County on Illinois criminal charges pursuant to order of the court and have been denied release due to the issuance of parole violation warrants by defendant Longo or his agents.

(d) Those who have deposited bail and been released pending trial of the Illinois criminal charges, and who were then subsequently incarcerated without bail pursuant to parole violation warrants based upon the same allegations as the State charges.

The original respondents in this action were Joseph Longo, Chairman of the Parole and Pardon Board of the Illinois Department of Corrections, and Winston Moore, Superintendent of the Cook County Department of Corrections. Moore has already been dismissed from this action.

The parolees base their claims upon violations of the Eighth and Fourteenth Amendments to the U.S. Constitution, and seek to convene a three-judge panel in conjunction with their plea to enjoin Ill.Rev.Stats. ch. 38, § 1003–3–9, dealing with parole revocation.

Respondent Longo contends that plaintiffs' exclusive remedy resides in the writ of habeas corpus, in accordance with the holding of Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and that the action should be dismissed for failure of plaintiffs to exhaust state remedies.

No benefit would be derived at this time in setting forth the particularities of the factual situation which underlies the complaint of parolees Michael Dereczynski, Ernest Lockett, Levi Royster, and Jammell Thompson; the court deems it sufficient to note, for purposes of disposing of the issues herein, that the petitioners are all presently incarcerated in the Cook County Department of Corrections, and are members of one of the four classes enumerated above.

*The Habeas Corpus Jurisdiction*

The initial question to be resolved is whether Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) compels the use of habeas corpus as the exclusive remedy for relief. *Preiser* holds that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that it is entitled to immediate or more speedy release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Petitioners argue that they are not seeking immediate or more speedy release, but are seeking immediate and more speedy hearings to determine if they are entitled to release. The court does not find this distinction persuasive. *Preiser* specifically uses the example of an unlawful parole revocation which causes one to be reincarcerated, as in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), as the type of grievance in which one is being unlawfully subjected to physical restraint, and in which habeas corpus has been accepted as the specific instrument to obtain release from such confinement. The granting of the writ of habeas corpus in *Morrissey* would make release dependent upon the result of the due process parole revocation hearing afforded petitioner, and is indistinguishable in that respect from the case at hand. The remedy required in this action is a petition for habeas corpus.

Petitioners also contend that even if we find that this complaint is properly

brought only under habeas corpus, petitioners have no adequate state remedies available to them. We agree with this contention.

■ There seems to be no disagreement that petitioners have no right to a state court appeal. Further the state writ of habeas corpus is not available to review claims of a non-jurisdictional nature, even though such claims may involve denial of constitutional rights. People ex rel. Shelley v. Frye, 42 Ill.2d 263, 246 N.E.2d 251 (1969). The claims in this case are clearly not jurisdictional in nature. Nor is this court provided with a single instance where mandamus, or any other remedy, has proven effective in this situation. When the Supreme Court was confronted by a dearth of effective state remedies in a petition for habeas corpus in Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), they said, "Furthermore, we are not referred to a single instance, regardless of the remedy invoked, in which the Missouri courts have granted a hearing to state prisoners on the conditions of their confinement. In these circumstances § 2254 did not require petitioners to pursue the suggested alternatives as a prerequisite to taking their claims to federal court. As Mr. Justice Rutledge stated in his concurrence in Marino v. Ragen, 332 U.S. 561, 568 [68 S.Ct. 240, 244, 92 L.Ed. 170] (1947):

'The exhaustion - of - state - remedies should not be stretched to the absurdity of requiring the exhaustion of . . . separate remedies when at the outset a petitioner cannot intelligently select the proper way, and in conclusion he may only find that none of the [alternatives] is appropriate or effective.' " 404 U.S. at 250, 92 S.Ct. at 409.

■ Finally, we note that as to any possible remedies which petitioners might have pursued, but failed to do so, that the federal courts have power under the federal habeas statute to grant relief despite the applicant's failure to have pursued a state remedy not available to him at the time he applies. Fay v. Noia, 372 U.S. 391, 398, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Thus, the motion to dismiss is denied; we accept habeas corpus jurisdiction.

### Declaratory Judgment

■■ The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." This chapter is designed to enable the court to declare the rights of adverse parties, and the court should exercise its discretion to invoke use of this equitable remedy when to do so will clarify the legal issues and aid in the settlement of the controversy. Sears Roebuck & Co. v. Zurich Ins. Co., 299 F.Supp. 518 (N.D.Ill.1969); Dayao v. Staley, 303 F.Supp. 16 (S.D.Texas 1969). Granting of such judgment is proper when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings. Maryland Cas. Co. v. Rosen, 445 F.2d 1012 (2d Cir. 1971).

I. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) is explicit as to the requirements and need for parole revocation hearings, and Ill. Rev.Stats. ch. 38, § 1003–3–9, has been drafted to comply with the orders of that opinion. Nonetheless, we shall briefly summarize the requirements as set forth in Morrissey to emphasize that we consider such to be implied in the Illinois statute.

### (i) Preliminary Hearing

■ Due process requires that some minimal inquiry be conducted at or reasonably near the place of the alleged

parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. Such an inquiry should be seen as in the nature of a "preliminary hearing" to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions.

With respect to the preliminary hearing before this officer, the parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged. At the hearing the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer. On request of the parolee, persons who have given adverse information on which parole revocation is to be based are to be made available for questioning in his presence. However, if the hearing officer determines that the informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination.

An independent hearing officer, not necessarily a judicial officer, should be responsible for the initial examination. The hearing officer shall have the duty of making a summary, or digest, of what occurs at the hearing in terms of the responses of the parolee and the substance of the documents or evidence given in support of parole revocation and of the parolee's position. Based on the information before him, the officer should determine whether there is probable cause to hold the parolee for the final decision of the parole board on revocation. Such a determination would be sufficient to warrant the parolee's continued detention and return to the state correctional institution pending the final decision.

(ii) *The Revocation Hearing*

There must also be an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as the State suggests occurs in some cases, would not appear to be unreasonable.

The minimum requirements of due process should include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Although not an issue in *Morrissey, supra,* we believe that if the conduct which constitutes a prima facie violation of parole is also independently charged as a new felony, it may be appropriate to merge the probable cause hearing and the preliminary hearing so as to eliminate needless duplication. Due process would further require, however, that a parolee have fair notice of the nature and effect of a hearing intended to serve such a dual purpose. *Accord,* In

re Law, 10 Cal.3d 21, 109 Cal.Rptr. 573, 513 P.2d 621 (1973).

It is clear, then, that prompt preliminary parole revocation proceedings are required to be held by defendant Longo, and that to deny petitioners such a hearing would be a violation of both constitutional and statutory rights.

II. The remaining substantive issue to be discussed involves petitioners' right to bail pending parole revocation hearings. Petitioner bases his claim upon the Eighth and Fourteenth Amendments of the U. S. Constitution.

■ We do not believe that petitioners have a *per se* constitutional right to bail during the "parole hold" pending revocation. The opinion of Morrissey v. Brewer, *supra*, does not directly deal with the question of bail, but the language used and the statutory scheme erected therein clearly do not contemplate that bail will be necessary. The majority opinion continually speaks in terms of the "arrested parolee" and his "continued detention" during the proceedings. Further, Justice Douglas, dissenting in part, suggests that "the parolee is entitled to the freedom granted a parolee until the results of the hearing are known and the parole board—or other authorized state agency—acts." 408 U.S. at 500, 92 S.Ct. at 2610. This clearly implies that bail is not mandated, at least under the Eighth Amendment, pending the outcome of the parole revocation hearings. The Eighth Amendment surely does not suggest that a parolee charged with a violation while conditionally released on parole has a right to remain at liberty through a bail procedure similar to that in the case of those charged with but not convicted of a crime. *See,* In re Whitney, 421 F.2d 337 (1st Cir. 1970).

The petitioner also alleges infringement of the Equal Protection Clause of the Fourteenth Amendment, in that probationers charged with a violation of a condition may be admitted to bail, whereas parolees may not. Specifically, Ill.Rev.Stats. ch. 38 § 1005–6–4(b), states that when a petition is filed charging a violation of a condition, "the court shall conduct a hearing of the alleged violation. The court may admit the offender to bail pending the hearing." The portion of chapter 38 dealing with parole revocation, § 1003–3–9, is silent as to the right to bail.

■ Since parolees are seemingly disadvantaged by their classification, we are required to determine if the classification is a legitimately defensible difference. According to a common formula, a classification is valid if it is reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly situated shall be treated alike. F. S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920); Note, Developments in the Law —Equal Protection, 82 Harv.L.Rev. 1065, 1076–1077 (1969).

But the Supreme Court has recently said that there is no difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation. Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L. Ed.2d 656 (1972). Despite the undoubted minor differences between probation and parole, the commentators have agreed that revocation of probation where sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole. *Id.* at n. 3.

■ We are mindful of maintaining proper respect for the legislature as a coordinate branch of government, and proper judicial restraint requires a presumption of constitutionality of Ill.Rev.Stats. ch. 38, § 1003–3–9. Since this section is silent on the right to bail, we construe § 1003–3–9(c) to be the analogue to § 1005–6–4(b), and construe it to say that the court may admit the offender to bail pending the hearing.

Therefore, although neither the probationer nor the parolee has an Eighth Amendment right to bail pending revocation hearings, we find that if one group may be so privileged, then so must the other, and that the pertinent Illinois statutes so read.

### Motion to Convene Three Judge Court

Petitioners seek to enjoin respondent Longo in such a manner as to compel him to grant prompt preliminary and final revocation hearings and to grant bail hearings. In conjunction therewith, petitioners seek to convene a three-judge court pursuant to 28 U.S.C. § 2281.

We do not deem such action necessary for several reasons. First, as stated near the outset of this opinion, we read Preiser v. Rodriguez, *supra,* as holding that habeas corpus is the exclusive remedy to effect release of the prisoners from custody, and an affirmative injunction, more in the nature of a mandamus action, to compel Longo to hold divers hearings, is not a permissible substitute. Further, petitioners' challenges are not, in truth, an attack on the constitutionality of Ill.Rev.Stats. ch. 38, § 1003–3–9, but rather an attack on its administration. Therefore, one of the essential requirements for convening a three-judge court—that of raising a substantial constitutional question—is not fulfilled. Idlewild Liquor Co. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L. Ed.2d 794 (1962). The statute plainly provides for the required *Morrissey* hearings, and note is taken in the Council Commentary which accompanies the section that the statute was drafted to comply with the Supreme Court opinion of *Morrissey.* As concerns the right to bail, we find that if the statute has been construed as denying the power to grant bail, that such is a misconstruction, and that again the problem lies with the administration of the statute rather than its *per se* constitutionality. Consequently, this motion is denied

### Motion for Leave to Proceed as a Class

Because of the manner in which the court has shaped its opinion, we see no benefit to be derived by formally proceeding with this lawsuit as a class action. The declaratory judgment has spoken to all common questions of fact and law which might otherwise subject the members to the danger of inconsistent adjudication, and it is also clear from the declaratory judgment that defendant Longo has an affirmative duty to hold prompt revocation hearings for all prisoners situated similarly to the named plaintiffs herein, and not for just the named plaintiffs themselves. Consequently, this motion is also denied.

In summary, we hold that the petitioners' exclusive remedy to effectuate release from custody in this case is via a petition for writ of habeas corpus, and we properly invoke our habeas corpus jurisdiction and deny defendant's motion to dismiss.

Further, we do not construe Ill.Rev. Stats. ch. 38, § 1003–3–9, as denying the power to grant bail, and in our declaratory judgment we hold the statute to be constitutional on its face. However, if plaintiffs' allegations are true, we find that the statute is not being constitutionally administered.

Finally, we deny petitioners' motion to convene a three-judge court on the grounds that (1) an injunction is an impermissible remedy to effectuate release in this situation, and (2) that even were it not, plaintiffs' attack on the statute is essentially on its administration, and not the constitutionality of the statute on its face.

We deny petitioners' motion for leave to proceed as a class in the belief that our opinion has been shaped so as to bring relief to all those situated similarly to the named plaintiffs, and so as to avoid the dangers of multiple adjudication, hence making class relief unnecessary.