[Crim. No. 27002. Second Dist., Div. Two. Dec. 15, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH JOHN STURGEON, Defendant and Appellant.

**COUNSEL**

William K. Pratt, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and James H. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—Appellant in 1974 pleaded guilty to a violation of Vehicle Code section 10851. The court reduced the offense to a misdemeanor (Pen. Code, § 17), and placed him on probation for three years. Within months thereafter appellant was charged with and pleaded guilty to second degree burglary. (Pen. Code, § 460.)

At the hearing for violation of his probation in March of 1975, appellant offered to prove as an explanation of the burglary offense and as evidence in mitigation addressed to the revocation issue: he was not guilty of the burglary even though he had entered a plea of guilty to the charge; he had pled guilty because he had a sister coming to Los Angeles and he had been told that if he pleaded guilty he would be allowed to go home by Christmas; his family was in a constant feud with the victim of the burglary; as a result the charge had been filed against him out of

spite; he was ready to call witnesses present at the hearing who would testify that he had been at another place at the time of the burglary; eye-witness testimony would show that two other people had committed the burglary; other evidence would show that "Earthquake," a friend of appellant's, had come to appellant's home and asked appellant to commit the burglary, but appellant had refused and appellant's mother had ejected "Earthquake" from the house; and at the time appellant had pleaded guilty to the burglary charge he did not realize that the guilty plea would place him in violation of the probation.

The trial court rejected the offer and revoked appellant's probation. Appellant claims the trial court committed prejudicial error and appeals from the order revoking probation.

■ The question posed is whether a probationer who pleaded guilty to a crime resulting in a final judgment may as a matter of right introduce evidence for purposes of mitigation *only* to show he did not commit the crime which reflected in the final judgment which was the crucial evidence upon which the order for revocation was based.

We hold that the evidence cannot be introduced as a matter of right.

The Supreme Court of the United States in *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 488 [33 L.Ed.2d 484, 498, 92 S.Ct. 2593] speaking of due process at a parole revocation hearing stated: "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." Our Supreme Court in *People* v. *Vickers* (1972) 8 Cal.3d 451, 460 [105 Cal.Rptr. 305, 503 P.2d 1313], applies substantially the same principle to a probation violation.

A further expression of the principles of *Morrissey* and *Vickers* is found in *In re Edge* (1973) 33 Cal.App.3d 149 [108 Cal.Rptr. 757], in which the court stated at page 157: "It follows that insofar as the revocation of parole may be based on actual conviction of other crimes, *the issues underlying guilt need not be reproven.* However, the parolee should be able to present evidence at the revocation hearing that *he is not the person convicted,* the *offense* of which he was convicted *was other than the one specified* as a parole violation, that the *parole* violation *report* or complaint charging the violation *is inaccurate* or contains misinformation, *and other facts and circumstances* in explanation or mitigation." (Italics added.)

A judgment is often difficult to make. It is important that a judge have before him, especially in matters of clemency, all evidence which appeals to the exercise of discretion. (*Hickman* v. *Arkansas Board of Pardons and Paroles* (E.D.Ark. 1973) 361 F.Supp. 864, 866; *Sutherland* v. *District of Columbia Board of Parole* (D.D.C. 1973) 366 F.Supp. 270; *Commonwealth* ex rel. *Rambeau* v. *Rundle* (1973) 455 Pa. 8 [314 A.2d 842]; *People* ex rel. *Donohoe* v. *Perhach* (1973) 74 Misc.2d 555 [345 N.Y.S.2d 322]; *United States* ex rel. *Dereczynski* v. *Longo* (N.D.Ill. 1973) 368 F.Supp. 682.) In *Longo* at page 687, the court said of the revocation hearing, "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, *that circumstances in mitigation suggest that the violation does not warrant revocation.*" (Italics added.)

It is clear that the trial judge would not have abused his discretion if he had admitted the evidence offered solely for the purposes of mitigation, especially when appellant was ready at the hearing to introduce testimony to support his offer. However, the single principle gleaned from an analysis of all the cases is that a probationer may show as a defense to revocation "that circumstances in mitigation suggest that the violation does not warrant revocation." (*United States* ex rel. *Dereczynski* v. *Longo* (N.D.Ill. 1973) 368 F.Supp. 682, 687.) At bench the trial judge heard the offer; he had the benefit of the presence of the probationer, the record of probation and the current probation report in respect of probationer's recent conduct before him. In such circumstances it was not an abuse of discretion by the court to refuse to relitigate in essence the finality of a judgment on the evidence of one side even though that evidence was offered for mitigation only.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.