UNITED STATES of America ex rel. Charles B. TAYLOR, Petitioner,

v.

Warden BRIERTON et al., Respondents.

No. 78 C 2292.

United States District Court, N. D. Illinois, E. D.

Oct. 18, 1978.

Charles B. Taylor, pro se.

Timothy B. Newitt, Asst. Atty. Gen., Chicago, Ill., for respondents.

ORDER

BUA, District Judge.

This is a proceeding on a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss or for summary judgment. This motion will be granted.

◼ The allegations of the petition are extremely sparse. They indicate that on December 13, 1973, petitioner pled guilty in the Circuit Court of Cook County to charges of armed robbery and attempted murder. He received a sentence of six years to six years and a day. No appeal was taken, nor was any collateral relief sought prior to the filing of this petition. Against this sketchy background, petitioner asserts two grounds for habeas corpus relief: first, that at the time his guilty plea was accepted he was not informed of a mandatory parole term attaching to his sentence, and, second, that he was "not allowed to make a bail." Strictly construed, the allegations of the petition clearly fail to state a claim on which relief can be granted. However, a *pro se* petition should be liberally construed with a view toward doing substantial justice. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, in order to render petitioner's claims intelligible, this court will refer to facts stated in respondents' brief to the extent that they are fully consistent with petitioner's assertions.[1] Should petitioner maintain that the relevant facts are not as related by respondents, he may, of course, amend his petition to set forth his claims in more detail.

Petitioner's sentence included a five-year mandatory parole term. Ill.Rev.Stat. ch. 38, § 1005–8–1(e)(1) (1973). Respondents indicate that on November 23, 1977, he was released on parole. In March, 1978, while serving his parole term, he was arrested on another charge of armed robbery. Bail was set on this charge. However, because of

---

1. Petitioner was to file a response to respondents' motion by July 31, 1978. To date, no response has been received.

the issuance of a parole violation warrant based on the armed robbery charge, he was not released from custody.[2] In June, 1978, the instant petition was filed.

■ Petitioner's first argument quite clearly seeks to rely on *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180 (7th Cir. 1977). In that case the court held that a constitutional defect was created in a negotiated agreement for a guilty plea when a state prosecutor and trial judge, who were parties to the agreement, failed to inform the defendant of a mandatory parole term that attached to his sentence. In enforcing the bargain to which Baker had assented, the court ordered that his custody, based solely on the mandatory parole term, be terminated. While the basic circumstances underlying *Baker* may be present here, it is clear that petitioner, in entering his negotiated plea, was sufficiently informed of the mandatory parole term. Before the court received petitioner's plea, the following dialogue took place:

> THE COURT: Before accepting the plea of guilty it is my duty to advise you on an indictment of armed robbery you . . . can [be] sentenced to the penitentiary on a class one felony to imprisonment from four to any number of years *plus five years parole.* And . . . on attempt murder, also first class, class one felony, that could be imprisonment to four to any number of years *plus five years parole,* you understand that?
>
> PETITIONER: Yes. (T.R. 4)

Again, before accepting petitioner's plea, the judge placed on the record the prior discussion and agreement between himself and the parties, saying:

> THE COURT: Very well. Let the record show the defendant . . . [has] been advised of the consequences of . . . [his] plea. The Court did enter into a conference in compliance with Rule 402

and ascertained from the facts there is a factual basis to accept this plea of guilty. Also had a hearing in aggravation and mitigation relative to the background of these individuals. And as part of the conference the Court indicated it would enter a sentence of [sic] against . . . [petitioner] not less than six nor more than six years and one day *plus the parole period.* (T.R. 5)

While the court might have been more careful in advising petitioner of the mandatory parole term, it cannot be said that the plea proceedings were constitutionally deficient. Both in explaining the possible sentences and in indicating the specific sentence that would be imposed, the court referred to the mandatory parole term, in one case eliciting petitioner's response that he understood the court's remarks. In neither case were these remarks equivocal or buried in a lengthy discussion of other matters. The two references to the parole term were made in close proximity in time, thereby maximizing the effect of repetition. Finally, it is worth mentioning that in imposing sentence the court again specifically mentioned the parole terms. Accordingly, petitioner may not rely on *Baker.* See generally *United States ex rel. Williams v. Morris,* 447 F.Supp. 95 (N.D.Ill.1978); *United States ex rel. Gauthreaux v. State of Illinois,* 447 F.Supp. 600 (N.D.Ill.1978).

■ Petitioner's second ground for relief must likewise fail. His theory in this regard appears to be either that one in custody on a parole violation warrant has a constitutional right to bail or that he has been denied a constitutional right to a swift resolution of the parole violation charge, which resolution could result in his release on bail. Regarding the first of these possibilities, it is clear that one in custody under a parole violation warrant has no Eighth Amendment right to bail pending a revoca-

---

2. Even respondents' statement of facts is not clear as to whether the parole violation warrant was ever served on petitioner. It would seem that service of the warrant, as opposed to its mere issuance or lodging as a detainer against petitioner *would be necessary to place him in custody based on the warrant. See*

*Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). However, respondents have suggested that petitioner remained in custody because of the parole violation warrant. This state of facts, favorable to petitioner, will *be assumed in dealing with his second proffered ground of relief.*

**1174**

tion hearing.[3] *Galante v. Warden, Metropolitan Correctional Center,* 573 F.2d 707 (2nd Cir. 1977); *In re Whitney,* 421 F.2d 337 (1st Cir. 1970); *United States ex rel. Vitoratos v. Campbell,* 410 F.Supp. 1208 (N.D. Ohio 1976); *United States ex rel. Dereczynski v. Longo,* 368 F.Supp. 682 (N.D.Ill.1973); *People ex rel. Tucker v. Kostos,* 68 Ill.2d 88, 11 Ill.Dec. 295, 368 N.E.2d 903. Further, there is no violation of equal protection inherent in the fact that under Illinois law individuals accused of probation violations may be released on bail while those accused of parole violations may not. *People ex rel. Tucker v. Kostos, supra.* While the court in *United States ex rel. Dereczynski v. Longo,* in what was clearly dicta, suggested otherwise, this court is persuaded by the Illinois Supreme Court's careful analysis in *Tucker.*

Turning to the second possible theory advanced by petitioner, i. e., that even if the denial of bail did not violate his constitutional rights he is nonetheless entitled to relief for respondents' delay in resolving the parole revocation issue, there has been a failure to exhaust available state remedies. Under Illinois law, mandamus lies to compel respondents to afford parolees a reasonably prompt final revocation hearing. In *Tucker,* the court states:

> "Having held that bail is unavailable to accused parole violators, we are not indifferent to the plight of the individual who is permitted to languish in jail while the parole board awaits a decision in the trial on the underlying criminal charge. Accordingly, as stated in *People ex rel. Johnson v. Pate* (1970), 47 Ill.2d 172, 177, 265 N.E.2d 144, mandamus will lie to enforce the accused parole violator's right to a reasonably prompt final revocation hearing. See also *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484." 11 Ill.Dec. at 300, 368 N.E.2d at 908.

Petitioner has not availed himself of this remedy. Failure to exhaust this presently

available state remedy justifies dismissal of this ground of the petition. *See Thomas v. Illinois Department of Corrections,* 77 C 3142 (N.D.Ill. January 1, 1978) slip op. at 8–9.

Accordingly, respondents' motion to dismiss or for summary judgment is granted. However, petitioner will be given leave to amend his petition should he maintain that the relevant facts are materially different from those on which the court has based its opinion.

---

3. If, since the time respondents' brief was submitted, petitioner's parole was revoked, this claim is moot. However, since respondents

have not so indicated, mootness will not be presumed. *See People ex rel. Tucker v. Kostos, supra.*